W. H. WORTH, State Treasurer, v. PIEDMONT BANK of Morganton.

*Insolvent Bank—Receiver, Appointment of—Conflicting Appointment of Receivers—Priority—Jurisdiction—Contempt.*

1. Ordinarily, a motion for the appointment of a Receiver must be made before the resident Judge of a district or one assigned to the district or holding the Courts thereof by exchange, at the option of the mover; but it may be made before any other Judge, in which case the order, if granted, must be made returnable before one of such Judges.

2. Under Chapter 155, Acts of 1891, as amended by Chapter 478. Acts of 1893, requiring the State Treasurer to appoint some one to examine and report on the condition of the State banks and if it appears from such report that a bank is insolvent or in imminent danger of insolvency, to institute proceedings in the Superior Court of Wake County for winding up its affairs, and for the appointment of a receiver according to law, application for the appointment of such receiver may be made before the resident Judge or the Judge holding the Courts, by assignment or exchange of the Judicial District in which Wake County is situated.

3 In such case, it can make no difference in the Treasurer's right to make such application, that the examiner did not make his report until the insolvency of the Bank was publicly known.

4. The Acts of 1891 (Chapter 155,) and of 1893 (Chapter 478,) do not give to the State Treasurer the exclusive right to institute proceedings for a receiver so as to take away the right of any creditor, by a general creditors' bill. to begin an action for that purpose in the Superior Court of the County where the bank is situated

5 Where proper proceedings for the appointment of a receiver are begun in two different Courts and a different receiver is appointed in each case. this Court, in determining the priority of appointment, as between the receivers, will take notice of fractions of a day.

6. The Court which first takes cognizance of a controversy is entitled to retain jurisdiction until the end of the litigation, to the exclusion of all interference by other Courts of concurrent jurisdiction; and, hence, where permanent receivers were appointed in separate proceedings by different Courts having equal authority to appoint. the test of prior jurisdiction is not the first issuing of the summons, nor the first preparation and verification of the papers, nor which receiver first took possession, but which Court was first "seized of jurisdiction," by making an order upon legal proceedings exhibited before it. as by the appointment of a temporary receiver

7. Where C. and W. were respectively appointed receivers by two separate

WORTH, TREASURER, *v.* BANK.

Courts having equal jurisdiction, and W. took possession of the property in suit under order of Court and refused, on demand, to deliver up possession to C. who was subsequently declared rightfully appointed and entitled to possession; and it appeared that W. acted in good faith and under an order of Court which he considered valid; *Held*, That W. is not punishable for contempt of Court in refusing to deliver the property until the question of priority of right should be decided.

CIVIL ACTION, brought in the Superior Court of WAKE County by W. H. Worth, State Treasurer, against the Piedmont Bank of Morganton, for the winding up the affairs of the Bank and the appointment of a receiver, and heard before *Robinson, J.*, at Chambers, on the 11th day of December, 1897, on a motion to appoint a permanent receiver, and on affidavits of W. E. Walton and others, in answer to a rule on said Walton why he should not be adjudged in contempt for refusing to deliver possession of the property of defendant Bank to A. D. Cowles, who had been appointed temporary receiver by *Robinson, J.*, on the 3rd of December, 1897.

From the record it appears that the doors of the defendant bank were closed in the forenoon of December 2nd, 1897. On the same day the plaintiff, the Treasurer of North Carolina, by virtue of the Statute, (Chapter 155, Acts of 1891, and Chapter 478, Acts of 1893), hereinafter mentioned, and also as a creditor of the insolvent bank, brought an action in the Superior Court of Wake County for the purpose of winding up the affairs of the bank and of having a receiver appointed. This summons was issued on December 2nd, but the hour at which it was issued does not appear. On the same day, but at what hour does not appear, the complaint in the record was filed and verified. On the 3rd of December, 1897, at 9:45 A. M., Judge Robinson of the 4th Judicial District, made an order appointing A. D. Cowles temporary receiver of the bank. This order was made returnable on December 18th. Upon the affidavits of A. D.

Cowles and S. L. Crowder, with exhibits attached, on December 8th, at 7 P. M., Judge Robinson made an order returnable on Saturday, December 11th, at Goldsboro, in the 4th Judicial District, at 2 P. M., directing the bank to show cause why a permanent receiver should not be appointed on that date, and why the order returnable on the 18th should not be expedited; and finding as a fact that it was necessary to make an order returnable on the 11th. The order also directed W. E. Walton to show cause on that date why he should not be adjudged in contempt for interfering with the possession of the temporary receiver A. D. Cowles. On the 11th of December at 4 P. M., the motions were heard, and an order appointing A. D. Cowles permanent receiver, and directing W. E. Walton to turn over to him the assets of the bank, and giving leave to the plaintiff and to Cowles to apply for relief in case Walton should refuse compliance with the order was signed.

On December 2d, the hour not appearing, T. M. Webb, Sheriff of Burke County, I. I. Davis and others filed a creditor's bill against the Piedmont Bank. The complaint in this action, asking for the appointment of a temporary receiver, etc., is dated December 2nd. The hour does not appear. Copies of the summons and complaint were delivered to an officer of the defendant bank by the plaintiff, who was also Sheriff of Burke County. This complaint was taken to Judge Green, then at Boone. On December 3rd the affidavit which appears in the record was presented to Judge Hoke, who had come to Morganton for the purpose of hearing the motion, and at 6:45 P. M., he made an order appointing W. E. Walton temporary receiver. On the same day the order reached Judge Green, who, after the appointment of Walton, and in ignorance of it, appointed I. I. Davis temporary receiver. The order of Judge Hoke was made returnable before Judge Green at Lenoir on December 15th.

It was served by the Coroner upon the bank on December 4th. On that date Mr. Walton gave bond and demanded that the Bank Examiner, Crowder, who was in physical possession of the assets of the bank, should surrender them to him. This was declined by Crowder. On the evening of the 4th of December, after dark, while Crowder was absent from the banking house, the Coroner and the receiver having obtained duplicate keys from the officers of the bank, proceeded to take physical possession of the bank; they put an additional lock upon its doors and thereafter excluded the Bank Examiner from any possession of the bank or its assets.

On the 7th of December Judge Green ratified Judge Hoke's order appointing Walton, accepted the resignation of I. I. Davis, and made an order to show cause why a permanent receiver should not be appointed, returnable on the 15th. On December 10th at 8 P. M., after the service of the order of Judge Robinson upon receiver Walton, the notice appearing in the record in the Webb case was presented to an officer of the bank and service accepted. The order required it to show cause the next day in Boone why a permanent receiver should not be appointed. The order appointing the permanent receiver was made by Judge Green on the 11th, prior to the appointment of a permanent receiver by Judge Robinson.

From the order of his Honor, *Robinson, J.*, appointing A. D. Cowles permanent receiver, and holding that the appointment of W. L. Walton by Judge Green, as temporary receiver, was subsequent to the ·appointment of Cowles as temporary receiver, and directing said Walton to turn over the property of the defendant Bank to said Cowles, receiver, W. L. Walton appealed.

*Mr. E. J. Justice*, for Walton, appellant.
*Mr. F. H. Busbee*, for Treasurer.

CLARK, J.: Ordinarily the motion for a receiver must be made before the resident Judge of the District, or one assigned to the District or holding the Courts thereof by exchange, at the option of the mover. *Code*, Sections 379, 336; *Corbin* v. *Berry*, 83 N. C., 27. Or, at most, in analogy to the granting of restraining orders, if the motion for a temporary receiver is granted by any other Judge than one of those just named, the order must be made returnable before one of such Judges. *Galbreath* v. *Everett*, 84 N. C., 546; *Hamilton* v. *Icard*, 112 N. C., 589. The Acts of 1891, Chapter 55, amended by Acts of 1893, Chapter 478, makes it the duty of the State Treasurer to appoint some one to make examination of the condition of the State Banks, banking institutions and bankers referred to in that Statute, and report thereon, and "if on such report it shall appear to the State Treasurer that any bank, banking institution or banker is insolvent or in imminent danger of insolvency, or is guilty of fraud, fraudulent practices or concealments, the said Treasurer shall institute proceedings in the Superior Court of Wake county for the purpose of winding up and settling the affairs of the said bank, banking institution or banker, and for the appointment of a receiver thereof according to law." Under this Act an application by the Treasurer for the appointment of a receiver could be made to the resident Judge or the Judge holding the Courts by assignment or exchange, of the Judicial district in which Wake county is situated. It can make no difference in the Treasurer's right to make the application, that the examiner did not make such report till the insolvency of the bank was publicly known. If the report had been made earlier it would have been simply the Treasurer's duty to have moved earlier.

But we see nothing in the Act which, by a just construction, gives the Treasurer the exclusive right to institute

proceedings for a receiver, etc., nor which takes away the right of any creditor, by a general creditor's bill, to begin an action for that purpose. The only difference is that the Treasurer by means of his examiner may have earlier information than others, and it is made his official duty to take appropriate steps to wind up the bank, whenever by the examiner's report it appears to him that "it is insolvent or in imminent danger of insolvency, or is guilty of fraud, fraudulent practices or concealments," but that does not specify that if he moves it shall invalidate proceedings already taken by creditors for that purpose under the general law.

The proceedings by Webb and other creditors, and that by the Treasurer were equally authorized by Statute. The only inquiry therefore is as to which obtained the priority, for only one proceeding for the purpose can be tolerated, and in determining the question of priority in such cases the Court will take notice of fractions of a day. *People* v. *Bank*, 35 How. Pr., 428; S. C., 53 Barb. 412.

The summons in the proceeding instituted by Worth, Treas., was issued on the 2nd of December, but a few hours later than the summons issued on the same day in the proceeding begun by Webb and others. On the other hand, the order appointing a temporary receiver was made by Judge Robinson in Treasurer Worth's suit at 9.45 a. m. Dec. 3, and at 6.45 p. m. the same day Judge Hoke appointed a temporary receiver in the suit brought by Webb and others. The permanent receiver was appointed in the Treasurer's suit on December 11, a few hours later than the appointment on the same day of the permanent receiver by Judge Greene in Webb's suit. The temporary and permanent receiver appointed in the Webb suit took and still holds possession of the assets.

The test of jurisdiction in such cases is not the first issuing of the summons, nor the first preparation and verifi-

cation of the papers, which are the acts of the parties, nor which receiver first took possession (*People* v. *Bank, supra*) since that has no effect unless legally authorized (which it cannot be if a prior order has been made appointing another), but which Court is first "seized of jurisdiction" by making an order upon legal proceedings exhibited before it. "That Court which first takes cognizance of the controversy is entitled to retain jurisdiction until the end of the litigation to the exclusion of all interference by other Courts of concurrent jurisdiction." Gluck & Becker on Rec. Sec. 430. "Priority as between receivers is determined by reference to the date of appointment since the Court will not permit both to act." High on Rec. Sec. 162. "The title of the receiver dated back to the time of granting the order, even though preliminary conditions must be performed, and he remains out of possession pending such performance." Beach on Rec. Sec. 200; *Wilson* v. *Allen*, 6 Barb. (N. Y.) 542; *Storm* v. *Waddell*, 2 Sandf. 494. The first order was made by Judge Robinson appointing a temporary receiver and he retains the jurisdiction then acquired. *Childs* v. *Martin*, 69 N. C., 126; *Young* v. *Rollins*, 85 N. C., 485. Walton, however, was properly not punished for contempt. As was said in *People* v. *Bank, supra*, "he appears to have acted in good faith, and had the authority of an order of the Court, which he was probably entitled to regard as valid, until pronounced otherwise on a question of priority by a competent tribunal." That decision being now pronounced, it will be his duty to obey it and deliver over the assets to the receiver appointed by the Court which first acquired jurisdiction, *i. e.*, Cowles.

The order of Judge Robinson of December 11, 1897, is in all respects affirmed.

                                                    Affirmed.

Upon the filing of the opinion in the above case, the plaintiff filed the following motion:

"The plaintiff herein, upon the facts presented in the pleadings and upon the opinion of the Court filed herein, moves that judgment be entered in this Court directing the respondent, W. E. Walton, to deliver to Andrew D. Cowles, receiver, the assets of the defendant bank, real and personal, under the decision of the Court, and for costs, and in default of the delivery of the said assets to said Cowles by respondent, that an execution issue to the proper officer to place the said Andrew D. Cowles, receiver, in possession of said assets.

(Signed). F. H. BUSBEE,
Solicitor for plaintiff."

Thereupon the following judgment was rendered:

"In this cause upon motion of the counsel for plaintiff, it is ordered and adjudged that William E. Walton, respondent to the notice and rule served upon him and the appellant herein, surrender to Andrew D. Cowles, receiver of The Piedmont Bank, legally appointed by Judge Robinson, all the assets of the defendant Bank in his possession, real and personal, or in anywise subject to his control upon demand of said Cowles, and that, if deemed necessary upon demand of plaintiff, execution issue to the Sheriff of Burke County to place the said Andrew D. Cowles, receiver, in possession of said assets, and that said W. E. Walton pay the costs of this appeal.

