FARMVILLE OIL AND FERTILIZER COMPANY v. FANNIE V. BOWEN.

(Filed 15 March, 1933.)

1. **Ejectment B a—Justice of the peace has jurisdiction of summary ejectment to determine questions of tenancy and holding over.**

   A justice of the peace has jurisdiction of a summary action in ejectment, C. S., 2365, 2376, and may determine the questions of tenancy and holding over, and while he has no equitable jurisdiction, he may consider equitable defenses set up in summary ejectment in so far as they relate to the issue of tenancy.

2. **Courts A d—**

   In appeals from justices of the peace the jurisdiction of the Superior Court is entirely derivative and it must try the case as constituted in the justice's court.

3. **Ejectment B e—On appeal to Superior Court in summary ejectment the court is confined to matters within jurisdiction of justice.**

   In appeals from the justice of the peace in summary ejectment the Superior Court's jurisdiction is exclusively derivative and it may not consider equities between the parties except in so far as they relate to the issue of tenancy, and where in the justice's court the defendant denies the tenancy and alleges that she was in possession under a contract of purchase made by plaintiff when it purchased the property at foreclosure sale, and on appeal the one issue as to tenancy is submitted to the jury and answered in defendant's favor, the issue determines the controversy, leaving the rights of the parties in respect to the equitable matters set up as a defense to be determined by a court of competent jurisdiction.

APPEAL by plaintiff from *Harris, J.,* at October Term, 1932, of PITT. No error.

Summary proceedings in ejectment. The plaintiff alleged that the defendant's term as tenant expired 31 December, 1931, and that the

defendant held over. The defendant denied tenancy and alleged that she was in possession under a contract of purchase. The justice of the peace gave judgment for the plaintiff and upon appeal to the Superior Court the jury found that the defendant was not a tenant of the plaintiff. Meantime, the defendant had been evicted and the Superior Court rendered judgment restoring her to the possession of the premises. The plaintiff appealed.

*F. M. Wooten and Albion Dunn for plaintiff.*
*S. J. Everett for defendant.*

ADAMS, J. Justices of the peace have jurisdiction of summary proceedings in ejectment. C. S., 2365. In this case the complaint, or "oath of the plaintiff," conforms to the statute. C. S., 2376. The president of the plaintiff testified: "I rented the premises described in the deed to Mrs. Fannie Bowen for the year 1931 under an oral contract; she was to pay $360 and one year's taxes. There was an agreement with respect to the manner in which supplies were to be furnished. She took charge of the land under the rental contract and agreed to pay the $360 and taxes. She farmed the land in 1931 but did not pay the rent. I gave her notice to vacate the premises in 1932. She failed· to give possession on 1 January, 1932."

The defendant denied the rental contract and contended that she and her husband had executed a mortgage and a deed of trust on the land in controversy, and that at a sale under the deed of trust the president of the plaintiff had bought the land for her benefit under an agreement that she should have ten years in which by annual installment to pay the amount due. She testified that she had never rented the land from the plaintiff and had never given up her possession.

The magistrate found from the evidence before him that the relation of landlord and tenant existed between the parties and that the defendant held possession of the land after her term had expired. Upon these findings he adjudged that the plaintiff was entitled to possession.

These were the only questions of which the magistrate had jurisdiction. In appeals from justices of the peace the jurisdiction of the Superior Court is entirely derivative. If the justice has no jurisdiction the Superior Court can derive none by appeal. It is the jurisdiction of the justice which, on appeal, gives jurisdiction to the Superior Court; the appellate court tries *de novo* the action as constituted in the justice's court. *Ijames v. McClamroch,* 92 N. C., 362; *Cheese Co. v. Pipkin,* 155 N. C., 394; *McLaurin v. McIntyre,* 167 N. C., 350; *Comrs. v. Sparks,* 179 N. C., 581; *Sewing Machine Co. v. Burger,* 181 N. C., 241, 248; *Trust Co. v. Leggett,* 191 N. C., 362.

In recognition of this principle the trial court submitted to the jury only one issue: "Was the defendant the tenant of the plaintiff and did she hold over after the expiration of the tenancy?"—and the jury answered the issue in the negative. The verdict put an end to the plaintiff's cause of action of which the justice had original and the Superior Court derivative jurisdiction. A justice of the peace has no equitable jurisdiction but he may consider an equity which is set up as a defense to the plaintiff's action. *Lutz v. Thompson,* 87 N. C., 334; *Dougherty v. Sprinkle,* 88 N. C., 300; *Cotton Mills v. Cotton Mills,* 116 N. C., 647; *Kiser v. Blanton,* 123 N. C., 400; *Levin v. Gladstein,* 142 N. C., 482. In *McAdoo v. Callum,* 86 N. C., 419, it was shown that the lessor of a storeroom agreed that at the expiration of a subsisting lease the lessee should have the right to renew the lease for another year. The Court held that the agreement, while not a renewal of the lease, created an equity which could be pleaded as a defense in summary proceedings in ejectment.

The subject was again considered in *Jerome v. Setzer,* 175 N. C., 391, in which it was said that summary proceedings in ejectment will not lie if the tenant holds an interest in the property itself; but if the interest is only an option to purchase the tenant has no such equity in the land as will deprive the justice's court of its jurisdiction or the Superior Court of its derivative jurisdiction. In the present case the character of the defendant's alleged interest need not be determined because the defense is primarily an absolute denial of the tenancy, dissevered from the nature and quantity of the defendant's interest. Compare *Ins. Co. v. Totten,* 203 N. C., 431.

In the case at bar the defendant's allegation of the plaintiff's agreement to sell her the land was not made the basis of a prayer for affirmative relief but merely a defense to the action brought in the magistrate's court. In effect her defense was restricted to a denial of the rental contract; in consequence, such questions as the creation of a parol trust, or a contract to convey title to the defendant, or a tenancy at will or by sufferance pending a treaty of purchase were incidental to the main defense and evidently were so considered. The position that a tenancy existed pending a treaty of purchase is substantially an admission that a contract of purchase had been executed; and if so, the relation of the parties would require the administration of equitable principles.

We have given all the exceptions due consideration and in our opinion none of them should be sustained. The issue determined the whole controversy. The defendant neither asked nor obtained affirmative relief upon any of the matters set up in her answer. As the relation of landlord and tenant did not exist the rights of the parties may yet be litigated in a court of competent jurisdiction.

No error.