H. G. PERRY v. JOE T. PULLEY.

(Filed 20 June, 1934.)

1. **Courts A e—Superior Court's jurisdiction upon appeal from justice of the peace is entirely derivative.**

   Upon appeal from a judgment of a justice of the peace the jurisdiction of the Superior Court is entirely derivative, and where the justice of the peace has no jurisdiction the Superior Court can acquire none by amendment or by *remittitur* for the excess over the jurisdiction of the justice of the peace.

2. **Same—Justice had no jurisdiction of defendant's counterclaim and Superior Court could not acquire jurisdiction thereof by remittitur.**

   Plaintiff instituted action in claim and delivery on a chattel mortgage in a court of a justice of the peace. Judgment was rendered for plaintiff and defendant appealed to the Superior Court. The defendant set up a counterclaim for $924.34, claiming he had overpaid plaintiff in that sum, and the Superior Court, upon its finding that the action involved a long account between the parties, referred same to a referee. The referee found that defendant had overpaid plaintiff as contended by defendant,

and that defendant was entitled to recover of plaintiff the sum of $472.15, and that judgment should be entered for defendant against plaintiff in the sum of $200.00. The trial court affirmed the referee's report and entered judgment in accordance therewith. *Held,* the justice of the peace had no jurisdiction of the counterclaim, defendant having failed to aptly make a *remittitur* in the justice's court of all in excess of $200.00 including the value of the property claimed by plaintiff, N. C. Code, 1475, and the Superior Court on appeal could obtain no jurisdiction over the counterclaim by *remittitur* or amendment, and judgment should have been entered that defendant go without day and recover his costs, including the referee's allowance and expenses taxed against plaintiff in the judgment of the Superior Court. C. S., 1244(6).

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Harris, J.,* at 3 January Term, 1934, of WAKE. Reversed.

The only exception and assignment of error made by plaintiff on his appeal, was to the judgment as signed by the court below.

*Gulley & Gulley for plaintiff.*
*Clem B. Holding for defendant.*

CLARKSON, J. We gather from the record that on 2 December, 1932, plaintiff instituted claim and delivery proceedings in a justice of the peace court against the defendant, for the possession of certain personal property set forth in a chattel mortgage. The defendant sets up a counterclaim against the action of the plaintiff, alleging that he had overpaid his account to the plaintiff, in the sum of $924.34.

The plaintiff and defendant were landlord and tenant. The record discloses that the original return of notice of appeal has been lost. The brief of plaintiff states that the value of the property in controversy, was $45.00. The defendant appealed to the Superior Court from the judgment of the justice of the peace in favor of plaintiff. We gather from the record that plaintiff's cause of action was in the jurisdiction of the justice of the peace and we take this for granted on the record. The record discloses that the "issue of fact requires the examination of a long account on either side" and the court below on its own motion, referred the matter to J. L. Emanuel, Esq. N. C. Code, 1931 (Michie), sec. 573; *Texas Co. v. Phillips, ante,* 355.

The referee found the facts and made his conclusions of law. The court below overruled plaintiff's exceptions to the referee's report and gave judgment for defendant as appears in the record. There was sufficient competent evidence for the court below to sustain the findings of fact by the referee and this is ordinarily conclusive on this Court. The first question involved is in reference to the referee's conclusions

of law, approved and confirmed by the court below, as follows: "That the plaintiff is not entitled to the possession of the property set forth in the claim and delivery proceedings for that the chattel mortgage and note secured by said property has been fully satisfied and paid. That the defendant is entitled to recover of the plaintiff the sum of $472.15, under and by virtue of his counterclaim, and that judgment should be rendered herein in favor of the defendant as against the plaintiff in the sum of $200.00, with interest thereon from 16 December, 1931, until paid. That the property of the defendant should be released from the undertaking furnished and that the defendant go hence without day."

On this record, we cannot sustain the conclusion of law "that judgment should be rendered herein in favor of the defendant as against the plaintiff in the sum of $200.00, with interest." N. C. Code, 1931 (Michie), sec. 1475, is as follows: "Where it appears, in any action brought before a justice, that the principal sum demanded exceeds two hundred dollars, the justice shall dismiss the action and render a judgment against the plaintiff for the costs, unless the plaintiff shall remit the excess of principal, above two hundred dollars, with the interest on said excess, and shall, at the time of filing his complaint, direct the justice to make this entry: 'The plaintiff, in this action, forgives and remits to the defendant so much of the principal of this claim as is in excess of two hundred dollars, together with the interest on said excess.'" The jurisdiction of the Superior Court in appeals from justices of the peace is entirely derivative, and if the justice had no jurisdiction in the action, as it was before him, the Superior Court can derive none by amendment. So, where a counterclaim, filed to an action brought before a justice, amounted to more than $200.00, the want of jurisdiction could not be cured by entering a *remittitur* for the excess in the Superior Court. *Ijames v. McClamroch,* 92 N. C., 362; *Cheese Co. v. Pipkin,* 155 N. C., 394.

In *Hall v. Artis,* 186 N. C., 105 (106), citing numerous authorities, it is said: "There is a general rule, frequently approved in our decisions, that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision, confers no jurisdiction upon the appellate court." The application of this rule is not unlimited, as shown in the authorities cited in the *Hall case, supra,* but they do not apply to this case.

In *Cheese Co., supra,* speaking to the subject, at p. 401, is the following: "Defendant having pleaded and the verdict having established a counterclaim in his favor of $210.00, and the plaintiff's claim being for a lesser sum, said defendant is entitled to have judgment entered that he go without day and recover costs. *Unitype Co. v. Ashcraft, ante,*

63. He is not entitled to a judgment for the excess, for that would be to uphold the justice's jurisdiction in excess of the constitutional provision, but, to the amount required to defeat plaintiff's demand, to wit, $199.00, such court has jurisdiction and may award relief by rendering judgment that defendant go without day. For the reasons stated, we are of the opinion that the judgment of the Superior Court must be reversed, and it is so ordered."

The referee had no power to reduce the amount to $200.00, and remit the balance over. In the judgment of the court below, is the following: "It is further, ordered and adjudged that J. L. Emanuel, referee, be and he hereby is allowed the sum of $15.00 for expenses and the sum of $50.00, allowance as referee, to be paid by plaintiff."

The plaintiff excepted and assigned error to the judgment of the court below which made this allowance. The court below, of its own motion, had the power to refer the case and did refer it. C. S., 1244(6), is as follows: "Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court: (6) The compensation of referees and commissioners to take depositions." *Ritchie v. Ritchie,* 192 N. C., 538.

The defendant is entitled to have judgment entered that he go without day and recover the cost, including the referee's. For the reasons given, the judgment of the court below is

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.