C. H. ALLEN AND R. W. ALLEN v. THE ALLEMANIA FIRE INSURANCE COMPANY.

(Filed 25 May, 1938.)

1. **Courts § 2a: Pleadings § 22—Amendment alleging affirmative equity beyond recorder's jurisdiction may not be allowed in Superior Court on appeal.**

   The jurisdiction of the Superior Court on appeal from judgment of a recorder's court is derivative, and therefore, in an action on contract in the concurrent original jurisdiction of both courts, an amendment which sets up an affirmative equity over which the recorder's court has no jurisdiction, may not be allowed in the Superior Court upon appeal.

2. **Courts § 7: Equity § 3—Action for reformation is for an affirmative equity beyond jurisdiction of the recorder's court.**

   While a court without equitable jurisdiction may recognize an equitable defense, it has no jurisdiction to affirmatively administer an equity, and in an action on an insurance policy, a pleading which alleges that the name of another was inadvertently left out of the application, and by mutual mistake his interest was not included in the coverage of the policy with that of the named insured, and prays for reformation of the policy, sets up an affirmative equity beyond the jurisdiction of a recorder's court, and the contention that the reformation was merely an incidental question necessary to the determination of the rights of the parties under the insurance contract over which the recorder's court has jurisdiction, is untenable.

   SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Harris, J.*, at Second October Term, 1937, of WAKE.

Civil action to recover on hail insurance policy for damage to tobacco crop.

This action was instituted in recorder's court of White Oak and Buckhorn Townships in Wake County. Plaintiffs filed complaint and allege in substance: That in July, 1936, plaintiff C. H. Allen owned a farm in Buckhorn Township on which the plaintiff R. W. Allen, as tenant, was cultivating twelve acres in tobacco; that defendant, under policy of hail insurance dated 11 July, 1936, and delivered to plaintiffs, insured against loss or damage by hail to the tobacco growing on said twelve acres on the farm of C. H. Allen, not to exceed $150 per acre, or total amount of $1,800; that on 13 July, 1936, while the policy was in effect, said tobacco crop was damaged; that the authorized adjuster and representative of defendant agreed that the percentage of such damage is $451.24; that notice was given and proof of loss furnished to defendant as required under the terms of the policy; and that thereafter and on 30 September, 1936, defendant in letter to plaintiff, R. W. Allen, in whose name the policy was issued, denied liability under the policy.

Defendant filed answer denying the material allegations of the complaint, and avers in substance: That the policy of insurance was never in force; that plaintiffs are not entitled to recover for that in the application "R. W. Allen claimed to have one hundred per cent in twelve acres of tobacco for insurance on which he made application, whereas in fact the said R. W. Allen did not have twelve acres in tobacco, . . . but at most had only two acres"; that this misrepresentation constitutes complete bar to recovery as provided in the application for the insurance executed by R. W. Allen; that the damage to the tobacco was done prior to the application for and issuance of policy of insurance; that C. H. Allen has no insurable interest whatever under the policy and no right to recover thereunder. Defendant tenders return of premium paid.

The cause was heard before judge of recorder's court, who rendered judgment against defendant for amount claimed, with interest. Defendant appealed to Superior Court. At Third June Term, 1937, of Superior Court plaintiffs moved before Spears, J., for permission to amend complaint to set out mistake in the policy. This motion was denied. Thereafter, at the Second October Term, 1937, and after a jury had been drawn and impaneled, plaintiffs again moved to amend the complaint to allege that it was the intention of the parties to include the name of C. H. Allen and his interest in the crop in the application and coverage of the policy, but that by mutual mistake and inadvertence of the defendant's agent only the name and interest of R. W. Allen were included, upon which plaintiffs asked reformation of the policy contract

and renewed prayer for relief. A mistrial was ordered, and by order the amendment was allowed, from which defendant appealed to the Supreme Court and assigns error.

*Chas. U. Harris and Wm. B. Oliver for plaintiffs, appellees.*
*Little & Wilson for defendant, appellant.*

WINBORNE, J. The decisive question arising on this appeal is: Where an appeal has been taken to the Superior Court from judgment of a specially created recorder's court in action on contract over which that court has concurrent original jurisdiction with the Superior Court, can the Superior Court permit an amendment to the complaint which sets up an equitable cause of action for the reformation of contract, over which the recorder's court has no jurisdiction? The answer is "No."

The recorder's court of White Oak and Buckhorn Townships, Wake County, created by special act of the Legislature, Public Laws 1917, ch. 282, as amended by Public Laws 1929, ch. 497, is a court of limited jurisdiction, both as to territory and subject matter. The original act, sec. 12½, provides in part that the court "shall have concurrent original jurisdiction with the Superior Court in all civil actions arising out of contract where the sum demanded does not exceed the sum of $500 . . ." It further provides, sec. 14, that "in all civil actions and matters where this Court has jurisdiction and where a justice of the peace does not have jurisdiction, the plaintiff in such actions may bring an original suit, either in recorder's court as prescribed by this act or in the Superior Court of Wake County, at his election . . ."

The recorder's court, in the case before us, had original concurrent jurisdiction with the Superior Court of the cause of action as originally alleged. Having been instituted in the recorder's court, the action is limited in its scope by the jurisdiction with which that court is clothed by the acts of the Legislature creating it. "The rule is where there are courts of equal and concurrent jurisdiction the court possesses the case in which jurisdiction first attaches." *Merrill v. Lake,* 16 Ohio, 373, quoted by *Pearson, C. J.,* in *Childs v. Martin,* 69 N. C., 126. This rule has been applied in numerous cases in this State. *In re Schenck,* 74 N. C., 607; *Haywood v. Haywood,* 79 N. C., 42; *S. v. Williford,* 91 N. C., 529; *Worth v. Bank,* 121 N. C., 343, 28 S. E., 488; *Hambley v. White,* 192 N. C., 31, 133 S. E., 399. See, also, McIntosh, North Carolina Prac. & Proc., p. 62.

In McIntosh, North Carolina Prac. & Proc., p. 65, it is said: "For all courts established by special or general laws, whether the jurisdiction is exclusive or concurrent with the Superior Court, the appellate jurisdiction lies in the Superior Court, as the head of the judicial system below the Supreme Court." *Rhyne v. Lipscombe,* 122 N. C., 650, 29 S. E., 57; *Taylor v. Johnson,* 171 N. C., 84, 87 S. E., 955.

The jurisdiction of the Superior Court on appeal is derivative only. *Barham v. Perry,* 205 N. C., 428, 171 S. E., 614; *Dees v. Apple,* 207 N. C., 763, 178 S. E., 557.

"There is a general rule, frequently approved in our decisions, that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon the appellate court," *Adams, J.,* in *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901, citing authorities.

The recorder's court of White Oak and Buckhorn Townships, being without jurisdiction of matters in equity, is without power to administer affirmatively an equity. Therefore, the complaint as amended states a cause of action of which the recorder's court had no jurisdiction. The legal effect is the institution of a new action. Hence, the amendment was improperly allowed. *Capps v. Capps,* 85 N. C., 408; *Hall v. Artis, supra; Perry v. Pulley,* 206 N. C., 701, 175 S. E., 89.

Plaintiff contends that the reformation of the contract of insurance is an incidental question necessary to a proper determination of the principal matter of the action, and that, therefore, the recorder's court must necessarily have jurisdiction. He relies upon the case of *Levin v. Gladstein,* 142 N. C., 482, 55 S. E., 371, and cases therein cited. These cases do not support the contention as applied to the question at hand. In *Levin v. Gladstein, supra,* the plaintiff sued in the justice of peace court on a judgment for $133 obtained in the State of Maryland. The defendant set up the defense that the judgment was obtained by fraud. The Court said: "In view of the frequent decisions of this Court, that while a justice's court has no jurisdiction to administer or enforce an equitable cause of action, a defendant may interpose an equitable defense in that court. In *Lutz v. Thompson,* 87 N. C., 334, *Ruffin, J.,* speaking to the question, said: '. . . And though it cannot affirmatively administer an equity, it may so far recognize it as to admit it to be set up as a defense.'" *Cheese Co. v. Pipkin,* 155 N. C., 394, 71 S. E., 442; *Fertilizer Co. v. Bowen,* 204 N. C., 375, 168 S. E., 211. This is a clear statement of the extent to which the court without equitable jurisdiction may consider matters in equity.

The act creating the recorder's court of White Oak and Buckhorn Townships provides no "system of appeals" to the Superior Court in civil actions. (N. C. Constitution, Art. IV, sec. 12.) However, no question is raised as to the case being properly in the Superior Court on appeal, whether by *certiorari,* or *recordari* (*Taylor v. Johnson, supra*), or otherwise.

The order of the court below allowing the amendments affects a substantial right of the defendant—and the same is

Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.