IN THE MATTER OF THE CUSTODY OF WILBUR F. KING, III, AN INFANT, WILBUR F. KING, JR. v. MARILYNN LEE KING

No. 68SC443

(Filed 15 January 1969)

1. Divorce and Alimony § 22; Habeas Corpus § 3— proceedings for custody of child

Chapter 1153, Session Laws of 1967, which brings all of the statutes relating to child custody and support together into one Act, is effective from and after 1 October 1967. G.S. 50-13.1 et seq.

**2. Divorce and Alimony § 22;   Habeas Corpus § 3—   determination of child custody in divorce action begun after 1 October 1967**

Where no final judgment has been entered in husband's action for absolute divorce instituted after 1 October 1967, any action or proceeding for custody of the minor child of the parties should be joined with the pending divorce action or be by motion in the cause in such action, and a petition by the wife to have the matter of custody determined in a separate habeas corpus proceeding is subject to dismissal. G.S. 50-13.5(f).

APPEAL by respondent, Wilbur F. King, Jr., from *Parker, J.*, September 1968 Session of WAYNE Superior Court.

Wilbur F. King, Jr., and Marilynn Lee King were married in 1965. One child was born of this marriage, Wilbur F. King, III, born 26 March 1966. Wilbur F. King, Jr., instituted an action for absolute divorce against Marilynn Lee King on 17 September 1968 on the grounds of one year's separation. Summons therein was personally served on Marilynn Lee King on 20 September 1968. In his complaint the plaintiff alleged the marriage of the parties, the birth of their child, the separation of the parties on 29 January 1967 and that they had lived separate and apart since that date. Plaintiff also alleged on information and belief that his wife contemplated remarrying upon a divorce being granted to the parties and that in the event of her remarriage she planned to take their child out of the State, if custody of the infant child should be awarded to her. The plaintiff prayed that he be granted an absolute divorce from the defendant and that he be awarded custody of their child.

While this action was pending and after service of summons therein, Marilynn Lee King on 24 September 1968 verified a petition in which she alleged the institution of the divorce action against her and service of process therein; that when she and her husband had separated on 29 January 1967 they had mutually agreed that she would have custody of their child, subject to reasonable visitation rights on the part of her husband; that she was employed as a school teacher and resided with her parents at Dunn, N. C., and had always provided a good home for her child; that it would be for the best interest of the child if custody be granted to her; that she denied any intention or plan of remarrying or moving from the State of North Carolina; and that her husband had forcibly deprived her of custody of their child and the facts relative thereto. Petitioner prayed for an order directing her husband to bring their child before the court to determine its custody and that custody be granted to her. On presentation of this petition, Judge Joseph W. Parker on 25 September 1968 issued a *writ* of *habeas corpus* directing the husband, Wilbur F. King, Jr., to bring the infant child be-

fore him at the courthouse of Wayne County at Goldsboro, N. C., at 10:00 a.m. on 30 September 1968, together with a return of the writ, then and there to receive, abide by and conform to such orders as might be made in the premises. This writ, together with a copy of the petition and notice of the hearing, were served on the husband by the Sheriff of Lenoir County on 25 September 1968. In response thereto Wilbur F. King, Jr., appeared before Judge Parker in the Superior Court of Wayne County on 30 September 1968 and through counsel moved that the *habeas corpus* proceedings be dismissed because of the prior institution of the pending divorce action and the provisions of G.S. 50-13.5(f). This motion was overruled. The court then proceeded to hear the matter upon the petition of the wife and upon the return of the *writ* of *habeas corpus,* and after hearing evidence offered by both petitioner and respondent, the court entered order dated 30 September 1968 awarding custody to the petitioner mother and retaining the cause for further orders of the court. To the entry of this order the respondent, Wilbur F. King, Jr., objected, excepted and appealed, assigning as errors the denial of his motion to dismiss and the entry of the order appealed from.

*William F. Simpson for petitioner appellee.*

*Aycock, LaRoque, Allen, Cheek & Hines, by C. B. Aycock, for respondent appellant.*

PARKER, J.

[1]     This case is controlled by the provisions of Chapter 1153, Session Laws of 1967, entitled "An Act To Rewrite The Statutes Relating To Custody And Support Of Minor Children," which is effective from and after 1 October 1967. G.S. 50-13.1 *et seq.* "By enactment of this Chapter the Legislature has sought to eliminate the conflicting and inconsistent statutes, which have caused pitfalls for litigants, and to bring all of the statutes relating to child custody and support together into one act." *In Re Holt,* 1 N.C. App. 108, 160 S.E. 2d 90.

[2]     G.S. 50-13.5(f) provides in part that "(i)f an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, until there has been a final judgment in such case, *any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action."* (Emphasis added.) In this case an action

for absolute divorce had been instituted by the husband against the wife in the Superior Court of Lenoir County. Service of summons in this divorce action had been made on the wife and no final judgment had been entered therein. Therefore, under the express language of G.S. 50-13.5(f) any action or proceeding for custody of the minor child of the parties should have been joined with the pending divorce action or be by motion in the cause in such action. The purpose of the quoted statutory provision is clear.

> "In divorce actions, the marital rights and obligations of both husband and wife, as well as the custody and support of the children of the marriage, are before the court in a *single* action. In a *habeas corpus* proceeding the judge has jurisdiction of only one facet of the marital dispute, the custody and support of the children." *In Re Custody of Sauls*, 270 N.C. 180, 186, 154 S.E. 2d 327.

Justice to all parties is best served when one judge is able to see the controversy whole. The statute so provides.

In the present case petitioner attempted to have the matter of custody determined in a separate *habeas corpus* proceeding. In view of the then pending divorce action, the custody proceeding should either have been joined with such action or have been by motion in the cause therein. Because of petitioner's failure to observe the statutory procedure, respondent's motion to dismiss the petition should have been allowed.

The record before us discloses that when the order appealed from, dated 30 September 1968, was entered by the judge presiding at the session of Superior Court of Wayne County, no papers in connection with the *habeas corpus* proceeding had been then filed, but that the papers were subsequently filed in the office of the Clerk of Superior Court of Lenoir County on 14 October 1968.

This cause is accordingly remanded to the Superior Court of Lenoir County, which is directed to enter an order dismissing the *habeas corpus* proceeding.

Reversed.

Brock and Britt, JJ., concur.