IN THE MATTER OF: DAVID THOMAS GREER, JR., AND ALLISON GREER

No. 753DC119

(Filed 4 June 1975)

1. **Divorce and Alimony § 22— child custody — pendency of action**

A divorce action is pending for the purpose of determining custody and support until the death of one of the parties or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur.

2. **Courts § 14— concurrent jurisdiction — court first acquiring jurisdiction**

Where there are courts of concurrent jurisdiction, the court which first acquires jurisdiction retains it.

3. **Divorce and Alimony § 22— child custody — "neglected" children — assumption of jurisdiction improper**

The District Court, Pitt County, did not have the right to assume custody jurisdiction of two minor children upon its finding that they

In re Greer

were "neglected" children as defined in G.S. 7A-278(4) to the exclusion of the District Court, Watauga County, which had previously acquired such custody jurisdiction in a divorce and custody proceeding of the children's parents, since there was no evidence and no factual finding to support the conclusion of the District Court, Pitt County, that the children were "neglected."

APPEAL by R. L. Allison and wife, Lena R. Allison, and Marion Allison Greer from *Wheeler, Judge.* Order entered 4 October, 1974 in District Court, PITT County. Heard in the Court of Appeals 11 April 1975.

The record of the case on appeal consists primarily of the various orders of the Superior Court, Watauga County, and the District Courts sitting in Watauga and Pitt Counties, with no summary of any evidence on which the various trial courts based their findings of facts. The following statement of factual circumstances is derived entirely from these orders.

On 12 November 1968 in a divorce and custody proceeding entitled "David Thomas Greer, Sr. vs. Marion Allison Greer and Roby Greer and wife, Ruth G. Greer, and Robert L. Allison and wife, Lena R. Allison," the Superior Court of Watauga County entered an order awarding custody of David Thomas Greer, Jr., (now age 14) and Allison Greer (now age 13), children born of the marriage of David Thomas Greer, Sr., and Marion Allison Greer, as follows: to their maternal grandparents Robert L. Allison and wife, Lena R. Allison, who reside in Alleghany County, during the school year; and to their paternal grandparents, Roby Greer and wife, Ruth G. Greer, who reside in Watauga County, during the summer vacation each year and during the Thanksgiving and Christmas holidays. The order recites that David Thomas Greer, Sr., and his divorced wife, Marion Greer, had agreed previously in writing to such custody and that neither party had any criticism of the treatment the children had received while living with the grandparents. On appeal this Court affirmed the order in *Greer v. Greer,* 5 N.C. App. 160, 167 S.E. 2d 782 (1969).

The children's mother has been a schoolteacher in Alleghany County since the 1968 divorce; their father is, and has been for several years, a practicing attorney in Pitt County. At the end of the school term in May, 1974, the children did not go to stay with their paternal grandparents in nearby Watauga County, but instead were taken by their father for a "visit" with him in Pitt County. The children have remained with the father since

May. It appears that the paternal grandparents in Watauga were aged and infirm, but the record otherwise gives us no explanation for the apparent transfer of summer custody from them to the father in Pitt County. In any event, it does not appear that there had been any amendment to, or any motion to amend, the original 1968 custody order of the Superior Court in Watauga County.

On 9 August 1974, five days before the opening of the Sparta school which the children had been attending, the District Court, Pitt County, on motion of an attorney for the minor children, entered an order temporarily restraining David Thomas Greer, Sr., from returning the children to their maternal grandparents, and the court set the hearing on 21 August 1974 to determine if the temporary order should be made permanent. It does not appear where, how, or why the children acquired this attorney or other attorneys who represented them in subsequent proceedings. The hearing was held, after continuance, on 28 August 1974. On the following day the District Court ordered the Pitt County Social Services Department to conduct an investigation into the surroundings of the two said minor children.

The following occurred on 2 September 1974: (1) The District Court, Pitt County, entered its order, pursuant to the 28 August hearing, finding that the District Court of Pitt County did not have jurisdiction, and dissolving the restraining order; (2) the Pitt County Social Services Department filed a Petition in the District Court alleging that "the children were subject to such serious neglect as might endanger their mental and emotional health and morals," and that the best interests of the children required that placement be had in the home of the children's father pending further orders of the Court; and (3) the District Court, Pitt County, entered an immediate custody order placing the children in the custody of the Pitt County Social Services Department to be placed in a licensed foster home or in the home of the father as deemed appropriate, pending the hearing on the merits.

On 3 September 1974, pursuant to order entered on 20 August to show cause why David Thomas Greer, Sr., should not be adjudged in contempt, the Superior Court, Watauga County, on condition that the father deliver the children to the home of the maternal grandparents on or before 7 September, con-

In re Greer

tinued the hearing until 11 September and transferred the cause to the District Court of Watauga County.

On 5 September, the District Court, Pitt County, entered an order restraining the father from taking the children out of Pitt County.

At the 11 September 1974 hearing in the District Court, Watauga County, the Court found that the custody order of the District Court, Pitt County, entered on 3 September was subordinate to the previously existing custody order entered in the Superior Court, Watauga County, in 1968, that the father was in contempt and committed him to jail for a term of twenty days beginning on 16 September 1974; provided that if he delivered the children to the home of the maternal grandparents by 15 September he would be relieved of reporting to jail until further orders of the court.

On 13 September 1974, the District Court, Pitt County, entered an order which recited that at hearing of the motion of the attorneys for David Thomas Greer, Sr., to allow him to return the children to the maternal grandparents in Alleghany County, it was directed that the cause be transferred to said county, and that the father return the children. On the same day a motion was made by a caseworker for the Pitt County Department of Social Services to set aside the foregoing order on the grounds that the father was not the custodian of the children and the Department had no notice of the hearing. Again on the same day the District Court entered an order vacating the foregoing order and setting the cause for hearing on 4 October 1974.

On 4 October 1974, the attorney for the maternal grandparents and the mother of the minor children made a special appearance and plea in abatement, praying that the cause be transferred to the District Court of Watauga County, but the District Court of Pitt County found that the children were in the County, had been found to be neglected as defined by G.S. 7A-278(4), and that the court had juvenile jurisdiction; on motion of the attorney for the children that the court enter a "temporary order of custody," the court concluded that the children were neglected in that they "do not receive proper care or supervision from their mother . . . and live . . . in an environment injurious to their welfare." The court ordered that the children remain in the custody of the Pitt County Department of Social Services.

From this order the maternal grandparents, R. L. Allison and Lena Allison, and the mother, Marion Greer, appealed.

*Holshouser & Lamm, by Charles C. Lamm, Jr., for appellants.*

*Beaman, Kellum & Mills, by Norman B. Kellum, Jr., for appellees.*

CLARK, Judge.

At issue is whether the District Court, Pitt County, had the right to assume custody jurisdiction of the minor children, David Thomas Greer, Jr., and Allison Greer, upon its finding that they were "neglected" children as defined by G.S. 7A-278(4), to the exclusion of the District Court, Watauga County, which had acquired previously such custody jurisdiction in a divorce and custody proceeding of the children's parents.

[1] The original custody jurisdiction of the Superior Court of Watauga County is not questioned. That court transferred the cause to the District Court of that county by its order entered 3 September 1974. The custody jurisdiction of the court lasts as long as the action is pending. *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906 (1948). The custody order entered by the Superior Court of Watauga County in 1968 was not a final adjudication and could be modified upon application of either parent. *Peoples v. Peoples,* 8 N.C. App. 136, 174 S.E. 2d 2 (1970). It has long been the rule in this State that a divorce action is pending for the purpose of determining custody and support until the death of one of the parties or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur. *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71 (1956) ; *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 183 (1948) ; *Johnson v. Johnson,* 14 N.C. App. 378, 188 S.E. 2d 711 (1972).

In *Johnson v. Johnson, supra,* it is said that in enacting G.S. 50-13.1, *et seq.,* effective 1 October 1967, the legislature sought to bring together in one act all statutes relating to child custody and support. In *Tate v. Tate,* 9 N.C. App. 681, 177 S.E. 2d 455 (1970), it was held that G.S. 50-13.5(f), relating to venue, contemplates only the institution of an action for custody and support, and does not affect the situation where custody and support have already been determined and one of the parties seeks a modification of the order.

In re Greer

But the District Court, Pitt County, takes the position that it obtained "exclusive" jurisdiction and venue for determining custody of the children under the provisions of G.S.7A-277, *et seq.,* on the grounds that the children were "neglected" and found within the county. We do not agree. On 2 September 1974, a juvenile petition was filed by a caseworker for the Pitt County Social Services Department; she alleged on information and belief that the children were "subject to such serious neglect as might endanger their mental and emotional health." Thereupon and thereafter the District Court, Pitt County, assumed jurisdiction on the ground that the children were neglected as defined by G.S. 7A-278 (4) as follows:

> " 'Neglected child' is any child who does not receive proper care or supervision or discipline from his parent, guardian, custodian or other person acting as a parent, or who has been abandoned, or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare, or who has been placed for care or adoption in violation of law."

The District Court order appealed from, entered 4 October 1974, finds that the court acquired juvenile jurisdiction because it was found that the children were "neglected children" in the previous hearings of September 2 and September 5. Examination of the orders entered after these hearings reveals that the order entered after hearing on September 2 merely repeats the language contained in the juvenile petition of the caseworker that the "child is in danger, or subject to such serious neglect as may endanger his health or morals," and the order of 5 September was entered after a hearing which consisted of considering the report submitted by a child psychologist which "pointed up grave dangers to the mental health and emotional stability of the children."

Neither of the above two orders recites any factual basis for a determination that the children were "neglected" as defined by G.S. 7A-278 (4) ; nor does it appear why the so-called neglect was discovered after visiting with their father for more than three months and only a few days before the day in which the original order of 1968 directed that they be returned to their maternal grandparents in Sparta to attend school. Since the District Court was assuming jurisdiction on the basis that "neglected children" were found in Pitt County, where they had been living with their father for about three months, it is the natural

assumption that they were neglected there by their father, and there is nothing in the September 2 and September 5 orders of that court to refute that assumption. However, the order appealed from, makes findings of fact, based on the testimony of the two children and the "corroborating" testimony of the social worker and child psychologist from Pitt County, that assails the moral character of the mother, and that the maternal grandparents, custodians under the original 1968 court order, are old and do not want the children "to make any noise because of Mr. Allison's bronchial condition."

Thus, on such testimony and findings the District Court, Pitt County, again determined that it had jurisdiction on the grounds that the children were "neglected" as defined by G.S. 7A-278(4).

Jurisdiction and procedure statutes applicable to juveniles (now G.S. 7A-277 through 7A-289, effective 1 October 1969) have been amended and rewritten over the years, but for many years the statutes assigning juvenile jurisdiction (formerly G.S. 110-21, now G.S. 7A-279) contain the same "exclusive original jurisdiction" language. Nevertheless, it has been held that the jurisdiction statute applicable to juveniles places no limitation upon the jurisdiction previously conferred by statute upon the Superior Court to issue writs of *habeas corpus* and to determine the custody of children of separated parents, and that if either parent had proceeded under that statute in the Superior Court to obtain custody, the jurisdiction for that purpose would have appertained to that court, to the exclusion of the Juvenile Court. *In Re Prevatt,* 223 N.C. 833, 28 S.E. 2d 564 (1944) ; *McEachern v. McEachern,* 210 N.C. 98, 185 S.E. 684 (1936). And in *In Re Cranford,* 231 N.C. 91, 56 S.E. 2d 35 (1949), it was held that the recently enacted amendment to G.S. 50-13, providing that either parent may institute a proceeding in the Superior Court to obtain custody, restricted the jurisdiction of the Juvenile Court granted by G.S. 110-21.

[2]   It is the general rule that where there are courts of concurrent jurisdiction, the court which first acquires jurisdiction retains it. *Becker v. Becker,* 273 N.C. 65, 159 S.E. 2d 569 (1968) ; *Hall v. Shippers Express,* 234 N.C. 38, 65 S.E. 2d 333 (1951) ; *Allen v. Insurance Co.,* 213 N.C. 586, 197 S.E. 200 (1938).

[3]   There appears to be no evidence and no factual finding to support the conclusion of the District Court, Pitt County,

that the children were "neglected," and this Court had no lawful authority to usurp the custody jurisdiction of the District Court, Watauga County. It is obvious that the purpose of the proceedings in Pitt County was to determine custody of the minor children, a determination that should be made by the court in Watauga County which had and still has custody jurisdiction. Justice to all parties is best served when one judge is able to see the matter whole. *In re Custody of King,* 3 N.C. App. 466, 165 S.E. 2d 60 (1969).

It should be noted that in this case where only the question of custody is involved, if the factual circumstances justified a finding of "neglect," it is our opinion that the District Court, Pitt County, could properly assume jurisdiction and temporary custody of the children for the limited purpose of returning them to the proper custodian or the proper court; and in some cases involving delinquent, dependent, neglected, or undisciplined children the District Court where the children are found may assume custody jurisdiction under G.S. 7A-277, *et seq.,* even where another court has custody jurisdiction under G.S. 50-13.1, *et seq.*

We find no legal justification for the orders of the District Court, Pitt County, restraining the father from returning the children to Watauga County; apparently the purpose was not the protection of the children but rather the protection of the father against punishment for contempt in the Watauga Court.

The District Court Division under G.S. 7A-244 has jurisdiction over child custody. In the exercise of this jurisdiction no other Division in the General Court of Justice has a more awesome, difficult, or important task. Every determination of custody of children should be based on an in-depth consideration of all the evidence offered by the litigants and evidence sought and admitted by the court. Jurisdictional controversies between the courts should be avoided in these cases involving the welfare and protection of children with the view of reaching both a timely and just decision.

We vacate the Order of the District Court, Pitt County, entered 4 October, 1974, and we direct the court *forthwith* to enter an order returning the children, David Thomas Greer, Jr., and Allison Greer, to the custody of their maternal grandparents, Robert L. Allison and wife, Lena R. Allison, in Sparta, North Carolina, pending a hearing in the District Court, Watauga

Board of Education v. Board of Commissioners

County, upon application of any interested party or parties or hearing by the court *ex mero motu* on the question of custody in the light of present circumstances.

Vacated and remanded.

Judges PARKER and VAUGHN concur.