MELVIN O. ROBERTSON v. GLENDA MANKINS SMITH

No. 7911DC875

(Filed 4 March 1980)

**Divorce and Alimony § 26.1; Rules of Civil Procedure § 4— child custody action — no service of process—action discontinued—full faith and credit given Texas decree**
      Where defendant brought an action for child custody in Durham County but there was no service of process on plaintiff, the action was discontinued when the time for service of summons lapsed, and the action was not revived when plaintiff subsequently filed a motion in the Durham County action praying for a change of venue or that the action be dismissed; therefore, at the time plaintiff filed this child custody action in Harnett County, there was no action pending in Durham County, and the Harnett County court was required, absent a finding of changed circumstances, to give full faith and credit to a Texas decree awarding custody to plaintiff.

APPEAL by defendant from *Lyon, Judge.* Judgment entered 30 July 1979 in District Court, HARNETT County. Heard in the Court of Appeals 7 February 1980.

This is an appeal from a judgment of the District Court of Harnett County granting custody of the parties' two children to

plaintiff. The Harnett County judgment was based on a decree from the District Court of Lubbock County, Texas. On 26 October 1971, the parties were divorced in Lubbock County, Texas and the defendant was given custody of the children on that date. In 1977 the plaintiff petitioned the District Court of Lubbock County, Texas for custody of the children. Personal service was obtained on the defendant who moved to Harnett County, North Carolina, at approximately the time the petition was filed. The defendant appeared in the District Court of Lubbock County and presented evidence at the custody hearing. On 25 September 1978, the District Court of Lubbock County awarded custody of both children to the plaintiff. Defendant was ordered to deliver the two children to a representative of the plaintiff in Spring Lake, North Carolina on 6 October 1978.

On 5 October 1978, the defendant filed a suit in the District Court of Durham County for custody of the children. On that date, the District Court of Durham County entered an *ex parte* order giving custody of the children to defendant and issued an order to the plaintiff to show cause why the order giving the defendant custody of the children should not be made permanent. The plaintiff was not served with process in the Durham County action but on 13 October 1978, the District Court of Durham County entered an order granting the defendant custody of the children. The court made no findings as to the welfare of the children. On 6 April 1979, the plaintiff filed a motion through his attorneys in the District Court of Durham County asking that the action be moved to Harnett County or that the action be dismissed. No action was ever taken on this motion. On 26 March 1979, the plaintiff filed this action in Harnett County praying for custody of the children. Defendant filed a motion to dismiss the Harnett County action on the ground that the District Court of Durham County had assumed jurisdiction of the case. The District Court of Harnett County denied the defendant's motion and entered a judgment awarding custody of the children to the plaintiff. Defendant appealed.

*Johnson and Johnson, by W. Glenn Johnson, for plaintiff appellee.*

*Loflin, Loflin, Galloway and Acker, by Ann F. Loflin, for defendant appellant.*

Robertson v. Smith

WEBB, Judge.

At the outset we note that the General Assembly has enacted the Uniform Child Custody Jurisdiction Act. This Act is codified as Chapter 50A of the General Statutes and is effective 1 July 1979. The Act does not exempt litigation pending in this state so it probably applies to this case. Neither party refers to the Act in their briefs. We do not refer to it further in this opinion because we do not feel it affects the reasoning or outcome of this case.

There being no evidence that there had been a change in circumstances after the entry of the Texas decree, the District Court of Harnett County is required by the full faith and credit clause, Article IV, § 1 of the United States Constitution, to enforce the Texas decree, *Searl v. Searl*, 34 N.C. App. 583, 239 S.E. 2d 305 (1977), unless the District Court of Harnett County did not have jurisdiction. The defendant argues that the District Court of Harnett County did not have jurisdiction because the identical suit involving the same parties and same subject matter had previously been filed in Durham County. The defendant relies on *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975) and *In re Greer*, 26 N.C. App. 106, 215 S.E. 2d 404 (1975). Those cases are distinguishable from the case sub judice in that in both *Stanback* and *Greer* no question was raised as to service of process. In the case sub judice, the record does not show there was any service of process on the plaintiff in the action filed by the defendant in Durham County. That action was filed on 5 October 1978. No service of process being had and no endorsement for an extension of time or alias or pluries summons being issued, the action was discontinued on 3 January 1979 under G.S. 1A-1, Rule 4(e). The plaintiff on 6 April 1979 filed a motion in the Durham County action praying for a change of venue or that the action be dismissed. We hold that the filing of this motion did not revive an action that had been discontinued by operation of law. There was not an action pending in Durham County at the time the case sub judice was filed in Harnett County. The judgment of the District Court of Harnett County is proper.

Affirmed.

Judges PARKER and CLARK concur.