Nash, J.
 

 It was Objected by the defendant, that the paper (recited in the Case) contained no evidence of any contract, but rvas á mere proposition on the part of the defendant to supply the lumber, and contained no evidence of its acceptance by the plaintiff and no consideration to support it. It rvas by the presiding Judge left to the jury, ás a mat
 
 *263
 
 ter for them to decide, whether from the paper and the attendant circumstances, the parties intended to enter into an agreement, and had so done, for the sale and purchase of the lumber specified in the contract — if so, that it was a valid contract and upon a sufficient consideration in law. In this instruction we do not perceive that the judge erred. Theob-jection admits that the paper contained a proposal on the part of the defendant to furnish the lumber, and it was properly left to the jury to say, whether it had been accepted by the plaintiff; and the jury were directed to the attendant circumstances, to the acts of the parties to guide them. What were they
 
 1
 
 The object of the plaintiff was to make a contract for the lading ot the Jane with lumber — this paper is drawn up for the purpose of informing the defendant of the quantity and description of the lumber required, to see if he would furnish it upon cheaper terms than Gause would — . the plaintiff brings it back with the endorsement signed by the defendant — and the Jane is immediately removed to the wharf of the defendant, where his saw mill is. These cir cumstances were strong evidence to prove, that the proposal made by the defendant was accepted by the plaintiff, and oí a promise in law upon the part of the plaintiff to pay the proposed price for the lumber on its delivery. This constituted a perfect contract, the mutual promise being in law a sufficient consideration.
 
 Hurlburt
 
 v
 
 Simpson,
 
 3 Ired. 236. The defendant then insisted, that as there was no evidence of an express contract between the plaintiff and the defendant, the plaintiff could not maintain an action in his own name, but that it ought to have been brought in the name of the owners of the vessel or of P. K. Dickinson, to whom she had been consigned. The Judge instructed the jury, that if Whitehead, acting as the agent of the unknown owners, made the contract with the defendant, the action was properly brought in his name. We think this instruction was proper. It is true, that, in general, a mere agent, who makes a contract in behalf of another, cannot maintain an action
 
 *264
 
 thereon in his own name,
 
 Pigott
 
 v Thompson, 3 Bos. & Pull. 147 —not even in
 
 Equity. Jones
 
 v
 
 Hart's Ex’rs.,
 
 1 Hen.
 
 &
 
 Mum., 471. But where an agent has a beneficial interest in the performance of the contract for commissions, &c., as in the case of a factor, a broker or an auctioneer, or a captain of a ship for freight, he may sustain an action in his own name, although the principal or owner might sue in
 
 his
 
 own name.
 
 Eccleston
 
 v
 
 Clipsham,
 
 1 Saund. 153. Note 1.
 
 Anderson
 
 v
 
 Martindale,
 
 1 East. 497. Nor is the consent of the principal or owner necessary to enable the agent, in those cases, to sue in his own name. It is implied from the nature of the agency.
 
 Saville
 
 v Roberts, 1 Ld. Raym. 380. All valid contracts must be mutual. If the defendant had tendered to the plaintiff the lumber as agreed, or had actually delivered it
 
 on
 
 board the Schooner Jane, could he not have maintained an action against Whitehead for the breach of the contract in the one case, and an assumpsit in another? Lord Mansfield, in the case of
 
 Rich
 
 v
 
 Coe and others,
 
 Cowp. 639, says,
 
 “
 
 Whoever supplies a foreign ship with necessaries has a treble security, 1st, the person of the master; 2dly, the ship itself; and, 3dly, the personal security of the owners,” and that the master is personally liable as making the contract. It follows, as a necessary consequence, growing out of the nature of a contract, that if he can be sued for the breach of the contract, he may on his part also sue for a breach. As to P. K. Dickinson, the action could not have been brought by him, for he was an entire stranger to the contract. It was not made by him, nor for him, for he had never accepted the consignment of the vessel, and was therefore not the agent of the owners.
 

 The defendant further contended, that the plaintiff had altered the contract, by saying to the defendant’s agent, that lumber of a different quality would answer — that the defendant had a sufficiency of lumber, both in quality and quantity, to fulfil his contract as it had been altered, and did tender it to the plaintiff, who refused to receive it; and further, if the contract had not been altered, the defendant was ready
 
 *265
 
 and proffered to deliver, according to the usage of the place, the lumber as called for in the original contract — that he was then sawing to fulfil the order or bill — and that he could not according to the usage of the place, be required to deliver it all at once, as no time was specified in the order. Upon these points the Judge left it to the jury to say, whether the agreement was altered and a new contract made between the parties — that they were competent to do so — and if the contract was altered, and lumber, according to the new arrangement, was sawed and tendered by the defendant, or offered to be tendered, and was refused by the plaintiff — or if, while the defendant was going on with reasonable dispatch to fulfil such new agreement, the completion of the sawing and delivery was dispensed with by the plaintiff, he could not recover. The Judge charged the jury to the same effect as to the original contract, and wound up his charge by stating to the jury as follows: “ Thus upon the whole case, the defence depended upon the result of their enquiries as to whether the contract whs fulfilled, and if not, whether its fulfilment was dispensed with by the plaintiff. If the contract was made, not fulfilled, and its performance not dispensed with by the plaintiff, he will be entitled to recover ; otherwise not.” We cannot perceive any error in this part of the charge. It was a matter of controversy between the parties, whether the contract had been altered, and whether the defendant had in either shape complied with his obligations ; and,- if he had not, whether the plaintiff had dispensed with his performance. These were all matters to be enquired of by the jury. And when it is recollected that the defendant’s agent stated, that, at the time the plaintiff said he would accept lumber with knots in it if not larger than a quarter of a dollar, the defendant had not lumber sawed sufficient to comply with this new description; and that, when the plaintiff, subsequently, on the same day, demanded of the defendant a fulfilment of his contract, the defendant said he would have nothing more to do with it — we are-inclined to think the defendant has no right to complain of the Judge’s charge.
 

 
 *266
 
 rphe judgment of the Court below must be affirmed.
 

 Another question as to certain witness tickets is submitted to the Court; but the statement is so defective, that we cannot ascertain what is the question, upon which our opinion is required. We are therefore unable to see that there was any error, and the judgment of the Court on this point is also affirmed.
 

 Per Cukiam, Judgment affirmed.