Nash, J.
 

 We concur with his Honor upon both points. In general all pleas relate to the bringing of the action and are answers to the plaintiff’s claim, as it then exists. The plea of tender is no exception to the rule. It admits the causo of action and is a bar to its prosecution, because before its commencement the defendant had tendered to the plaintiff the money due him. This is shown by the form of the plea. In it the defendant avers iS as to the said sum of $ and
 
 before the commencement of the
 
 suit, to-wit, on &c. at &c. aforesaid &c.” If this allegation is
 
 omitted,
 
 the ploa is demurrable. Where the tender has been made at the proper time with an
 
 uncore ■prist,
 
 the defendant has a right to bring the money into Court, because it constitutes a part of his plea. For the defendant must aver his readiness to pay the money admitted to be due, and that he hath paid the same into Court, or that he now brings the same into Court here ready to be paid to the said plaintiff, if he will accept
 
 *203
 
 the same as the case may be. 3
 
 Chit. Pl. 921.
 
 In
 
 Houghton
 
 &
 
 Booth,
 
 v.
 
 Leary,
 
 3 Dev. & Bat. 21, it was expressly decided, that a plea of tender after suit brought is, as a plea, no bar. A plea then of tender and refusal, aptly pleaded and in due time, will bar the action and throw upon the plaintiff the costs of the suit. But though the defendant may by his negligence subject himself to the payment of the costs already accrued, he may protect himself from all that may subsequently be incurred. When he only disputes the amount, to which the plaintiff is entitled, he is at liberty to move the Court for leave to pay into the office so much as he admits is due, together with all the costs, which have accrued up to the time of making the motion: upon which the Court makes the order and the amount brought in is struck from the plaintiff’s declaration. If the plaintiff accepts the money, as the full amount due, the action is of course at an end; but he may deny that it is sufficient to satisfy his demands, and go on to trial. In that case if the jury find that more is due the plaintiff, than is brought in, the latter is entitled to a verdict for the over-plus, and the costs are paid by the defendant. On the contrary if they find it sufficient, the plaintiff pays all the costs incurred since the rule obtained. In no case can the defendant, after failing to make a tender at the proper time and pleading it in a proper manner, bring money into Court but upon a rule first obtained, ls¿
 
 vol. Sellorís Prac.
 
 305. The rule was not obtained in this case and the presiding Judge did right in giving the instruction complained of.
 

 We perceive no error in the charge of the Court,
 

 Pur Curiam. Judgment affirmed.