R. T. SMITH AND WIFE v. OLD DOMINION BUILDING AND LOAN ASSOCIATION.

[DEFENDANT'S APPEAL.]

*Action to Recover for Usurious Interest Paid—Pleading—Usurious Interest—Counter-claim in Excess of Debt Sued for—Costs.*

1. In an action under Section 3836 of *The Code* to recover twice the amount of interest paid, the complaint alleged that defendant, in the inception of the contract, "received, reserved and charged the plaintiff $300 as usury," and that "in addition to said charges of usury the defendant likewise charged, reserved and received other usurious amounts over and above the legal rate of interest, to-wit:" (specifying the amounts, dates, &c.,) and that said sums were charged against plaintiff and knowingly taken, received and collected by defendant in violation of *The Code*, Section 3836; *Held*, that the complaint contained a sufficient allegation of *payment* of the sums by plaintiff to defendant, and upon a finding of such allegations to be true the court below rightly gave judgment for double the amount of interest paid within two years prior to beginning of the action.

2. Where usurious interest is charged, all interest is forfeited, and, the legal effect of the contract being simply a loan without interest, all payments, however made, must be credited on the principal, and in addition the borrower is entitled to recover, or have credited on the debt, double the amount of payments made as interest within two years prior to action brought.

3. Where, in an action under Section 3836, to recover double the amount of interest paid, judgment is rendered for the defendant on the debt due to him set up as a counter-claim and in excess of the plaintiff's claim, such judgment carries the costs against the plaintiff, but where the judgment appealed from is partly affirmed and partly reversed, in the exercise of the discretion allowed by Section 527 (2) of *The Code*, the costs of this Court will be divided, so that each party shall pay his own costs.

CIVIL ACTION, begun on 21st June, 1895, and tried before *Starbuck, J.*, at November Term, 1895, of GRANVILLE

Superior Court. The purpose of the action was to recover from the defendant twice the amount of interest paid, as provided in Section 3836 of *The Code*, the plaintiff alleging usury. The defendant denied each material allegation of the complaint, and also set up the bar of the Statute of Limitations to plaintiffs' action as contained in said section of *The Code*. The defendant also asserted a counter claim against plaintiffs, alleging that the latter were indebted to it in the sum of $1,798.88 on account of money theretofore loaned by it to plaintiffs. To this the plaintiffs replied that said counter-claim was founded on an usurious agreement, whereby plaintiffs agreed to pay to defendant interest upon its said loan in excess of the legal rate.

A jury trial was waived, and his Honor found the following facts:

" That plaintiff applied to defendant for loan of $2,500 June 23, 1892, and to secure said loan, agreed to be advanced him, (the plaintiff,) on July 2, 1892, executed his bond to defendant in the sum of $5,000 secured by deed of trust of same date, executed by himself and wife to defendant. That of the money, $2,500 which defendant agreed to advance plaintiff, only the sum of $2,305, was actually received by plaintiff on July 20, 1892 The balance of $2,500 was reserved by company and applied as follows : $50 for membership fee for 50 shares of stock which plaintiff was required to subscribe for as condition upon which to obtain his loan ; $127.50 in payment of three monthly installments in advance (mentioned in bond, marked Exhibit X), $2.50 exchange on clerk, and $15 for other charges and expenses. That plaintiffs, beginning with November, 1892, made regular payments of $42.50

to the defendant each month till some time during 1893, when he fell behind two months in his payments, and continued paying on the regular payments, remaining two months behind, until August 3, 1894, when he made his last payment, having made in all 20 payments of $42.50 each. That of these payments 13 were made within two years prior to the beginning of this action—action having begun June 21, 1895. That within said two years the plaintiff also paid to defendant the sum of $20, charged against him as fines on delinquent payments, and $5 of fines previous to June 21, 1893. That of each monthly payment $12.50 was applied by defendant as interest, and this was done to the knowledge of the plaintiff. That on May 5, 1894, the defendant had so applied payments made by plaintiff as to show that plaintiff was indebted to defendant in the sum of $1,798.85, as of that date according to and in consequence of such application of payments. That the total amount of interest paid within two years prior to the beginning of the action was $162.50. That said interest was infected with usury. That the total of all sums paid by the plaintiff was $875, including fines. That the plaintiff and his wife, Mollie T. Smith, executed the said bond, and to secure the same executed the said deed of trust on land which was the separate estate of Mrs. Smith. That the money borrowed, for which said bond was given and to secure which said mortgage was executed, was borrowed and used by the plaintiff, R. T. Smith, and not for the benefit of Mollie T. Smith or her estate.

" That in May, 1895, R. T. Smith went to the office of B. S. Royster, who was the local secretary and treasurer of the defendant, and who was one of the trustees in the said deed of trust, and there offered to pay the said Royster the sum of $1,600, which the said Smith claimed was all that

was due, Smith stating to Royster that the money was in the bank and he was ready to pay it. Royster declined to receive it, stating that he had no authority. That Smith did not have the money on his person at the time, but had it at his command in the bank, which was in the same building. That at that time there was due the sum of not less than $1,700."

Upon the foregoing facts and exhibits, his Honor concluded:

"I. That the transaction of May, 1895, between the plaintiff Smith and B. S. Royster, did not amount to a tender.

"II. That the plaintiffs are entitled to recover of the defendant the sum of $325, being double the amount of interest paid within the two years prior to the beginning of the action.

"III. That the defendant has forfeited all interest upon the amount.

"IV. That the defendant is entitled to judgment against the plaintiff, R. T. Smith, for the sum of $1,105, being the amount actually received by the plaintiff, viz., $2,305, after deducting the total of all payments made, viz., $875 and the sum of $325, the last sum being the double of the interest paid within the two years prior to the beginning of the action.

"V. That the defendant is entitled to have foreclosure of the land conveyed by the deed of trust."

His Honor therefore adjudged: "That the defendant, Old Dominion Building and Loan Association, recover of the plaintiff, R. T. Smith, the sum of $1,105 and interest at the rate of six per cent. per annum from this term.

"That the plaintiffs recover the costs of the action up to and including this Term. It is decreed that A. J. Field be and he is hereby appointed commissioner to sell the land

described in the deed of trust, which is made a part of the findings of fact in this cause.    That the plaintiffs are allowed until May 20, 1896, to satisfy the defendant's judgment.    That if the judgment is not satisfied within that time the said commissioner shall advertise the said land according to law for 30 days, and sell the same at public auction at the court house door in Oxford to the highest bidder for cash, and shall make report to the ensuing term of this court."

From the above judgment both the plaintiff and defendant appealed.

The defendant's exceptions to his Honor's conclusions of law and to the judgment thereon were as follows :

" 1st. That his Honor's conclusion that plaintiffs are entitled to recover of defendant $325, being double the amount of interest paid within the two years prior to the beginning of the action, is erroneous in law.

" 2d. That his Honor's conclusion that the defendant has forfeited all interest upon the debt is error in law.

" 3d. That the defendant is entitled to judgment against the plaintiff, R. T. Smith, for the sum of $1,105, being the amount actually received by the plaintiffs, (viz., $2,305,) after deducting the total of all payments made, (viz., $875,) and the sum of $325—the last sum being the double of the interest paid within the two years prior to the beginning of the action—is error in law.

" 4th. That the defendant is entitled to judgment against the plaintiff, R. T. Smith, for the sum of $1,105 only is error in law.

" 5th. That the plaintiffs recover the costs of the action is error in law.

" 6th. That the order or judgment appointing A. J. Field, Esq., a commissioner to sell the land conveyed in a deed in trust, there being trustees named in said deed for that purpose, is error in law."

SMITH v. BUILDING AND LOAN ASSOCIATION.

*Messrs. Winston, Fuller* and *Biggs*, for plaintiff.
*Messrs. Edwards & Royster*, for defendant (appellant).

CLARK, J. : *The Code*, Sec. 3836, provides " The taking, receiving, reserving or charging a greater rate of interest than is allowed by the preceding section (3835) when knowingly done shall be deemed a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon ; and in case a greater interest has been paid, the person by whom it has been paid, or his legal representative, may recover back, in an action of debt, twice the amount of interest paid : Provided such action shall be commenced within two years from the time the usurious transaction occurred."

The second paragraph of the complaint charges that the defendant Association, in the inception of the contract, received, reserved and charged the plaintiff three hundred dollars as usury, and the third paragraph alleges " that in addition to said charges of usury defendant Association likewise charged, reserved and received other usurious amounts over and above the legal rate of interest, to-wit : ( specifying the amounts, dates, &c. ). The defendant's contention that this is not a sufficient allegation of the payment of any sum to the defendant by the plaintiffs is a refinement which certainly receives no countenance from the present system of pleading. *The Code*, Sec. 260. Besides, par. 4 of the complaint expressly alleges that said sums were charged against plaintiff, and knowingly taken, received and collected by defendant in violation of *The Code*, Section 3836. The defendant well understood and intelligently contested the issues really presented by the pleadings. The court correctly held that the plaintiff

could recover back double the amount of the interest which the proof showed had been paid within two years prior to the beginning of the action.

The second exception is also without merit. The court properly held, in the very words of the statute, that the defendant had forfeited all interest upon the debt. In legal effect " the contract is simply a loan of money bearing no interest," and all payments are to be credited on the principal, (*Moore* v. *Beaman*, 112 N. C., 558; *Ward* v. *Sugg*, 113 N. C., 489; *Fowler* v. *Trust Co.*, 141 U. S., 384, 406,) and in addition if the lender accepted such payments of usurious interest the borrower is given a right of action to recover back double the amounts thus extorted within the two years before action brought. *Roberts* v. *Insurance Co.*, 118 N. C., 429. The statute makes the charging or contracting for usury a forfeiture of all interest, and in addition its actual acceptance is visited with the penalty of recovering back twice the amount paid. The words of *The Code*, Section 3836, are recited and thus construed in the Usury Act of 1895, Ch. 69. If the penalties thus inflicted seem severe it is because the law-making power deemed it necessary to repress the devices of the avaricious by making it altogether unprofitable to evade the law fixing limitations for the usance of money. *Meroney* v. *B. & L. Asso.*, 116 N. C., 882, 922. Our penalties for usury are identical with those prescribed in the National Bank Act, U. S. Rev. St., Sec. 5198. It may well be doubted if anything less severe would be effective. At common-law the taking of any interest was an indictable offence ( 11 Am. & Eng. Enc., 379 ); hence, interest is now purely statutory, being chargeable in such cases and to such extent only as is expressly allowed by statute. The penalties for usury were formerly much severer in this State, and are still so in some other jurisdictions, notably

in New York, where in certain cases the charging of interest above six per cent. has been recently made indictable. The entire subject of the rate of interest and penalties for usury rests in legislative discretion, and the courts have no power other than to interpret and execute the legislative will. The 3rd and 4th exceptions do not show error as against the defendant, and the same exceptions being made by the plaintiffs are treated in their appeal.

The 5th exception is well taken. The defendant's counter-claim, being in excess of plaintiff's claim, the former recovered judgment, and this carries the costs. *Garrett* v. *Love*, 89 N. C., 205 ; *Hurst* v. *Everett*, 91 N. C., 399. If the plaintiff had wished to avoid liability for costs he should have tendered the amount legally due the defendant. *The Code*, 573 ; *Pollock* v. *Warwick*, 104 N. C., 638 ; *Murray* v. *Windley*, 29 N. C., 201. Under the present Usury Act ( 1895 ) the usurious lender, whether plaintiff or defendant, recovers no costs ; but in its terms that act does not apply to loans made prior to its passage. The 6th exception was abandoned.

The costs of this Court on the defendant's appeal will be divided, each party paying his own costs. *The Code*, 527 (2).

Judgment Modified.