R. S. CHEEK v. PILOT LIFE INSURANCE COMPANY.

(Filed 1 February, 1939.)

1. **Insurance § 27—Under terms of receipt given for payment of two weeks premium, insurance contract was not consummated.**

   Plaintiff applied for insurance on his infant children, paid the insurer's soliciting agent two weeks premium on the policies, and received a receipt denominated "Binding receipt" in large letters on its face, followed by a notation to "see the reverse side." The reverse side stipulated that if the application was approved by insurer at its home office and the person proposed for insurance is on the date of the receipt alive and in sound health, the insurance should be effective from the date of the receipt. *Held:* Approval of the application by insurer at its home office is a necessary condition precedent to the consummation of the contract, although actual delivery of the policy is not prerequisite, and while insurer may not reject or withhold its approval arbitrarily or unreasonably, even when insured's illness or death has intervened, evidence that it rejected the application because investigation disclosed that the infants were under the minimum weight considered by insurer necessary to make an infant insurable, without any evidence of unreasonable or arbitrary action, justifies insurer's motion to nonsuit in plaintiff's action to recover for the death of one of the infants.

2. **Same: Evidence § 39—**

   Parol representations of the soliciting agent that the policy would be immediately effective upon the payment of two weeks premium and the delivery of the premium receipt is not competent to contradict the written provisions of the receipt that the insurance would not be effective until the application was approved by insurer at its home office.

3. **Courts § 2d: Justices of the Peace § 3—**

   Where plaintiff declares on a contract of insurance in an action instituted in a magistrate's court, he may not contend in the Supreme Court on appeal for reformation of the policy for fraud or mistake, since the magistrate has no jurisdiction of a suit for reformation, and therefore the Superior Court could acquire no such jurisdiction on appeal, its jurisdiction being derivative.

APPEAL by defendant from *Phillips, J.,* at June Term, 1938, of FORSYTH.

This is an action to recover $125.00 alleged to be due on a contract of insurance.

Twins having been born to the plaintiff and his wife 28 February, 1938, W. R. Baines, agent of the defendant, called on plaintiff to solicit an application for insurance on said children. Upon his solicitation, plaintiff made application for a twenty pay life policy on each child. In the application it is represented that the exact weight of the boy baby is seven and one-half pounds and of the girl baby is seven pounds.

Thereupon the agent issued to the plaintiff a receipt, at the top of which is printed in large letters, "Binding receipt," followed by the notation: "See reverse side."

The agent collected the first two weekly premiums on each policy, totaling $1.00. This receipt contains the following provisions:

"If the application is approved by the company at its home office in Greensboro, North Carolina, and if the person proposed for insurance is, on the date of this receipt, alive and in sound health, the person proposed is insured as from the date of this receipt in accordance with the terms and conditions contained or inserted by the company in a policy issued in this particular case. The said sum will thereupon be applied towards payment of the premiums thereon."

"If the application is declined or postponed by the company, no policy of insurance will be issued, and in such event the settlement will be promptly returned to the applicant on the surrender of this receipt."

The plaintiff admitted that this receipt was read to him at the time and that he was thereby advised of its contents; but he asserts that the agent assured him that the children were insured from that date.

The boy baby died 4 March, 1938. The plaintiff reported the death to the defendant and filled out proof of death and filed same with the company.

Upon receipt of the applications, the defendant directed its local agent to make inspections of the children and ascertain the exact weight. Before the investigation was completed and before the application was accepted, or any policy issued thereon, the child died and this action was instituted in the court of a justice of the peace for the recovery of the sum of $125.00, the amount of the policy applied for until the child arrived at the age of six.

In the trial below, under a charge by the court that if the jury believed the evidence and found the facts to be as the evidence tended to show it would be its duty to answer the issue "Yes," the jury answered the issue in favor of the plaintiff. From judgment thereon the defendant appealed.

*Elledge & Wells for plaintiff, appellee.*
*Manly, Hendren & Womble for defendant, appellant.*
*(I. E. Carlyle, of counsel.)*

BARNHILL, J. The "Binding receipt" delivered by the defendant's agent to the plaintiff at the time application for insurance was made and two weekly premiums paid does not constitute a contract of insurance. The terms of the receipt make the consummation of the contract dependent upon the approval of the application by defendant at its home office.

*Gardner v. Ins. Co.,* 163 N. C., 367; *Insurance Company v. Young's Administrator,* 90 U. S., 85, 23 L. Ed., 152; *Hill v. Life and Casualty Insurance Company,* 181 S. E., 104. Speaking to the subject in *Gardner v. Ins. Co., supra, Walker, J.,* says: "When properly executed, the binding slip protects the applicant for insurance against the contingency of sickness intervening its date and the delivery of the policy, if the application for insurance is acceptable. If the application is not accepted in the proper exercise of the company's right, and the insurance, therefore, is refused, the binding slip ceases *eo instanti* to have any effect. It does not insure of itself, but is merely a provision against any illness supervening it, if there is afterwards an acceptance of the application, upon which it depends for its vitality." The contract of insurance becomes effective upon approval of the application at the home office and the delivery of the policy is not a prerequisite.

In holding that the binding receipt does not of itself constitute a contract of insurance we do not decide that where a binding slip has been delivered to the applicant the company, in the event of the death or illness of the applicant occurring subsequently, but before the acceptance of the application, may arbitrarily or unreasonably reject or withhold its approval or the approval of the medical director, and thereby avoid its liability, under the clause in the binding slip requiring the approval of the application at the home office. Here, there is no evidence of arbitrary or unreasonable delay. The company directed investigation as to the actual weight of the insured. This investigation in fact disclosed that the weights of the infants were under the minimum considered by the company necessary to make an infant insurable.

In the summons issued the plaintiff does not specifically base his action upon the binding receipt. He merely alleges that the amount is due "By contract." His contention that there was an oral contract of insurance by reason of the statement of the agent that: "If I would pay him a dollar it would put it in full benefit, if I did. He said it would be in effect just as soon as I paid my money," cannot be sustained. This evidence contradicts the written instruments executed by the parties at the time. Furthermore, there is a total absence of evidence of any authority on the part of the local soliciting agent to bind the company by contract of insurance.

But the plaintiff contends that in any event he should be allowed to recover of the defendant by reforming the contract due to a mistake on the part of the plaintiff and fraud on the part of the defendant. This contention is without merit. The plaintiff declares upon the contract— he does not seek a reformation thereof. Should we take that view of the case, then it immediately becomes apparent that the court below was without jurisdiction. The cause was instituted in the court of a

magistrate. The jurisdiction of the Superior Court was derivative. As the justice of the peace had no jurisdiction of any action seeking the reformation of a contract for fraud and mistake, the court below was without authority to try the case upon that theory. This contention seems to be first presented in this Court.

It is stated in the brief for the defendant that "The use of the binding receipt as followed in this case by the defendant company is one of the well recognized insurance methods approved by the law of this and other states." While we are compelled to hold that the law of the case is with the defendant, we do not wish it to be understood that the use of the binding receipt in the form exhibited in evidence has our commendation, or that the statements or representations made by the agent command our approval. We are prone to believe that the methods used are not "Well recognized insurance methods." The binding receipt is misleading and is calculated to deceive those citizens who usually have to resort to industrial insurance for protection. In respect to his use of such receipt in this instance the defendant's agent testified: "The receipt that I have, and which I said I gave him, has at the top of it in big headlines 'Binding receipt.' I tell the people this is something in force right now, subject to the approval of the home office. I tell them that most of the time. It is very seldom I omit it. That is one of the biggest sales talks, that I am selling them something that will give them protection right now. That is what I emphasized to Mr. Cheek." To say the least, that is not a laudable method to pursue in obtaining applications for insurance, and it cannot be regarded as a practice worthy of a great business corporation. *Frances v. Insurance Company,* 106 Pac., 323 (Ore.).

As the plaintiff failed to establish any contract of insurance, the defendant's motion to dismiss as of nonsuit should have been allowed.

Reversed.