A. L. LEONARD v. W. H. COBLE AND WIFE, DAISY COBLE.

(Filed 8 January, 1943.)

**1. Courts § 2d—**

The jurisdiction of the Superior Court in appeals from justices of the peace is entirely derivative, and is no greater than that of a justice's court. *Held:* On appeal from a justice's court, the Superior Court has no jurisdiction to enter judgment on a counterclaim in excess of two hundred dollars.

**2. Justices of the Peace § 3—**

A defendant may set up a counterclaim in excess of two hundred dollars in bar of recovery in a justice's court, but the plea can only defeat a recovery by the plaintiff and will not give defendant the right to have a judgment entered for the amount of the counterclaim.

APPEAL by plaintiff from *Parker, J.,* at March Term, 1942, of ALAMANCE.

This action was instituted by plaintiff in a justice's court, to recover $126.87, alleged to be due by contract and to enforce a laborers' and materialmen's lien. Defendants admitted they entered into a contract with plaintiff to erect a residence for them at a cost of $1,300.00, which building was to be constructed in a workmanlike manner and that good materials were to be used. Defendants alleged in their answer that at the request of plaintiff they advanced to him the sum of $225.00 on the contract; that the materials used in the foundation for the residence were of such poor quality that they were of no value and would have to be torn out and rebuilt; and, defendants denied that they were indebted to plaintiff in any amount and set up a counterclaim for the recovery of the aforesaid $225.00. Judgment for plaintiff was entered in the justice's court, from which defendants appealed to the Superior Court, where issues were submitted to the jury and answered as follows:

"In what amount, if any, are defendants indebted to the plaintiff? Answer: Nothing.

"In what amount, if any, is plaintiff indebted to the defendants? Answer: $225.00."

Judgment was entered in favor of the defendants in the sum of $225.00, with interest. Plaintiff appeals to the Supreme Court, assigning error.

*C. C. Cates, Jr., and Long, Long & Barrett for plaintiff.*

*J. Elmer Long and Clarence Ross for defendants.*

DENNY, J. The sole question presented is whether or not on appeal from a justice's court, the Superior Court has jurisdiction to enter judgment on a counterclaim in excess of two hundred ($200.00) dollars. The answer is "No."

The jurisdiction of the Superior Court in appeals from justices of the peace is entirely derivative, and is no greater than that of the justice's court. *Perry v. Pulley,* 206 N. C., 701, 175 S. E., 89.

A defendant may set up a counterclaim in excess of $200.00 in bar of a recovery in a justice's court, but the plea can only defeat a recovery by the plaintiff and will not give the defendant the right to have judgment entered for the amount of said counterclaim. See *Cheese Co. v. Pipkin,* 155 N. C., 395, 71 S. E., 442, where *Justice Hoke,* in an able and exhaustive opinion decided the question raised here and assembled the authorities.

Defendants having pleaded, and the verdict having established, a counterclaim in their favor, in the sum of $225.00, and plaintiff not having recovered anything, the defendants are entitled to have judgment entered that they go without day and recover their costs.

It was error to enter judgment in favor of defendants for $225.00 with interest, and to that extent the judgment of the court below is

Reversed.