### E. A. GOINS v. RONALD McLOUD.

(Filed 24 March, 1948.)

**1. Ejectment § 2—**

A magistrate has jurisdiction of proceedings in summary ejectment only if there is a contract of tenancy creating the relationship of landlord and tenant and if defendant holds over after the expiration of the term, and the remedy does not extend to a tenant at sufferance or at will. G. S., 42-26.

**2. Ejectment § 9—**

The jurisdiction of the Superior Court on appeals in summary ejectment is derivative, and where the jury, upon conflicting evidence, in a trial free from error. finds that defendant did not enter into possession as tenant of plaintiff, judgment for defendant is not error.

APPEAL by plaintiff from *Patton, Special Judge,* September-October Term, 1947, CALDWELL. No error.

Proceeding in summary ejectment instituted in a magistrate's court and heard on appeal in the court below.

The jury for their verdict found that defendant did not enter upon and occupy the premises as tenant of plaintiff. The court thereupon entered judgment for defendant and plaintiff appealed.

*W. H. Strickland for plaintiff appellant.*
*Max C. Wilson for defendant appellee.*

BARNHILL, J. The magistrate before whom this action was instituted had jurisdiction only in the event the relationship of landlord and tenant existed between plaintiff and defendant. G. S. 42-26; *Howell v. Branson,* 226 N. C., 264, 37 S. E. (2d), 687. On appeal the jurisdiction of the Superior Court was derivative and trial there was limited to the issues properly raised in the court of origin. *Wells v. West,* 212 N. C., 656, 194 S. E., 313; *Allen v. Insurance Co.,* 213 N. C., 586, 197 S. E., 200; *Cheek v. Insurance Co.,* 215 N. C., 36, 1 S. E. (2d), 115; *Leonard v. Coble,* 222 N. C., 552, 23 S. E. (2d), 841; *Howell v. Branson, supra.* In brief these were: (1) Was there a contract of tenancy creating the relationship of landlord and tenant; and if so, (2) did defendant hold over or continue in possession after the expiration of his term?

That defendant entered into possession of the premises as tenant of plaintiff was denied. The evidence in respect thereto was in sharp conflict. The jury has resolved the question in favor of defendant, in a trial free from error.

Plaintiff argues that defendant is at least a tenant at sufferance or at will. If so, his remedy is not by summary ejectment, and the issue was not triable in this cause.

In the trial below we find

No error.