AUTO FINANCE COMPANY OF NORTH CAROLINA, INC., v. WASH SIMMONS AND WEEKS MOTORS, INC.

(Filed 26 February, 1958.)

1. **Courts § 14—**

   In an action instituted in a court inferior to the Superior Court, the fact that the defendant files a counterclaim in excess of the jurisdictional limitation of such court does not oust that court's jurisdiction to try plaintiff's claim in the absence of statutory provision to the contrary. G.S. 7-351 through 7-383.

2. **Courts § 7—**

   Defendant filed a counterclaim in excess of the jurisdictional limit of the trial court and moved to remove to the Superior Court. The motion to remove was denied and defendant appealed. *Held:* In the absence of statutory provision for removal in such instance, it was error for the Superior Court to order removal, and its rulings on other motions in the cause will be stricken without prejudice.

3. **Appeal and Error § 1—**

   The sole question presented upon appeal from an order of a lower court is the correctness of the order, and, upon remand, the reasons given by the lower court as the basis of the order should be stricken so that neither side will be prejudiced.

4. **Bills and Notes § 17: Chattel Mortgages and Conditional Sales § 16—**

   Allegations by the purchaser of a car that if he signed a conditional sale contract therefor he was induced to do so by trick or fraud of the seller, are averments of fraud in the *factum*, and such plea is valid not only against the seller but also against the assignee of the conditional sale contract.

5. **Usury § 7—**

   Allegations in an action on a purchase money note that the seller and the assignee of the conditional sale contract conspired and, by common plan and design between them, charged and were attempting to collect interest in excess of the rate allowed by law, state a cause of action against both the seller and the assignee for forfeiture of all interest, G.S. 24-2, but the purchaser may not demand, in addition to the penalty prescribed by statute, damages alleged to have been suffered as a result of embarrassment and loss of his automobile as the result of the charge of interest at usurious rates.

6. **Pleadings § 3a: Conspiracy § 2—**

Allegations that the seller and the assignee of the conditional sale contract conspired together to charge the purchaser usurious interest, and that as a result thereof the purchaser was embarrassed and caused to lose his automobile to his damage in a specified amount and that the seller and assignee acted with malice entitling the purchaser to punitive damages in a specified sum, are insufficient to state an independent cause of action based on conspiracy, since the allegations, apart from the cause of action for usury, are mere conclusions of the pleader.

7. **Pleadings § 19c—**

Legal conclusions of the pleader are to be disregarded upon demurrer.

8. **Pleadings § 10—**

A counterclaim within the meaning of G.S. 1-137 includes pleas operating by way of recoupment, setoff, or cross-demand.

9. **Pleadings §§ 10, 19c—**

Where a counterclaim contains unchallenged counts which are good, a written demurrer *ore tenus* thereto on the ground that other counts contained therein were based on matters which did not accrue until after the institution of the action, must be overruled, since if a pleading is good to any extent a general demurrer thereto cannot be sustained.

10. **Appeal and Error § 1—**

It is not necessary for an appellate court, after having determined the merits of the case, to examine questions not affecting decision reached.

APPEAL by plaintiff from *Williams, J.,* Regular Judge holding the Courts of the Fourteenth Judicial District, at Chambers in the City of DURHAM, 27 June, 1957. From DURHAM.

*Daniel K. Edwards for plaintiff appellant.*
*C. Horton Poe, Jr. for defendant Wash Simmons, appellee.*

JOHNSON, J. This is a civil action instituted in the Durham County Civil Court to recover the sum of $300 on a conditional sale contract covering the defendant Simmons' 1949 Lincoln automobile. As an ancillary remedy in the action, the plaintiff sued out a writ of claim and delivery to recover possession of the automobile.

The Durham County Civil Court was organized under Article 35 of Chapter 7 of the North Carolina General Statutes, with jurisdiction limited to $1,500.

The defendant Simmons filed answer denying the material allegations of the complaint, and by way of counterclaim alleged a series of transactions against the plaintiff and Weeks

Motors, Inc. The relief claimed by the defendant Simmons in his counterclaim is in excess of the jurisdictional limit of the County Court. On this ground, he moved the Court that the case be removed to the Superior Court for trial.

The Judge of the Durham County Civil Court, on motion of the defendant Simmons, entered an order bringing Weeks Motors, Inc., in as a party defendant.

Thereafter, the plaintiff and Weeks Motors, Inc., by separate motions, moved to strike all the defendant's further answer and counterclaim on these grounds: (1) irrelevancy and redundancy under G.S. 1-153, (2) failure to state facts constituting either a defense or counterclaim, and (3) that the "purported counterclaim asserted is in an amount in excess of the jurisdiction" of the County Court.

The motions to strike were not heard in the County Court. The Judge of that Court first took up for consideration the motion made by the defendant Simmons to remove the action to the Superior Court. The motion was denied on the grounds that Simmons by filing answer and moving to make a new party had submitted to the jurisdiction of the court. He excepted and appealed to the Superior Court.

On appeal, the presiding Judge held that the counterclaim set up by Simmons in excess of the jurisdiction of the County Court entitled him to have the entire case removed to the Superior Court. The order entered in the Superior Court by Judge Williams decrees: (1) that the order of the County Court denying removal be reversed, and that the case be placed on the civil issue docket of the Superior Court; (2) that the order naming Weeks Motors, Inc., as an additional party be affirmed; and (3) that the motion of the plaintiff to strike the counterclaim be disallowed. From the order so entered, the plaintiff appealed.

The crucial question presented by the appeal is this: Did the filing of the counterclaim by the defendant Simmons in which he claims relief in excess of $1,500 oust the jurisdiction of the Durham County Civil Court over the plaintiff's claim and entitle Simmons to a removal of the whole case to the Superior Court for trial? We think not. There is no provision to that effect in the statutes under which the Court was organized. G.S. 7-351 through 7-383. And the general rule is that in the absence of such provision, the filing of a counterclaim in excess of a lower trial court's limited jurisdiction does not oust the court of jurisdiction of the plaintiff's claim, and the court should proceed to hear and determine that claim. 14 Am. Jur., Courts, Sec. 221; Anno: 37 L.R.A. (N.S.) 607. Cf. *Leonard v. Coble,* 222 N.C. 552, 23 S.E. 2d 841; *Cheese Co. v. Pipkin,* 155 N.C. 394, 71 S.E. 442.

It necessarily follows that the order of removal entered in the Superior Court must be held for error. The case should have remained in the Durham County Civil Court for trial of the plaintiff's cause of action. This being so, the rulings made in the Superior Court on the plaintiff's motion to strike the counterclaim and on the question whether Weeks Motors, Inc., should be retained as a party defendant will be treated as stricken out without prejudice to either side, to the end that these motions may be heard and determined in the first instance in the County Court. The ruling of the County Court denying removal of the cause will be sustained. Since the reasons given for the ruling are unimportant, they will be treated as stricken out, so that neither side will be prejudiced when the motions to strike, and any other motions, are heard. The appeal from the County Court presented for review the single question whether the ruling was correct, and not whether the reasons given therefor or the grounds on which it was based are sound or tenable. *Hayes v. Wilmington,* 243 N.C. 525 (tenth headnote), 91 S.E. 2d 673 (twelfth headnote). See also *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314.

In the Supreme Court the plaintiff demurred *ore tenus* to the counterclaim, for failure to state a cause of action. This brings into focus the series of events alleged by the defendant Simmons by way of further defense and counterclaim. The events alleged are not stated as separate causes of action, but rather as though they were a connected story. We glean from the pleading allegations which may be restated in separate counts as follows:

1. That the defendant Simmons never intentionally executed the conditional sale contract sued on in the main action; that he obtained the Lincoln automobile described in the conditional sale contract in an exchange of cars with Weeks Motors, Inc., and agreed to pay $50 to boot, and that this sum was then paid cash in closing the deal; that he is a man of limited education and cannot read; that if he signed the conditional sale contract, it was signed by trick or fraud of Weeks Motors, Inc., under representation that he was signing title papers. In this count it appears that Simmons has alleged a cause of action for rescission, based on fraud allegedly perpetrated by Weeks Motors, Inc. And, since the allegations charge fraud in the *factum,* the plea is valid not only against Weeks Motors, Inc., but also against the plaintiff, assignee of the conditional sale contract. *Finance Corp v. Rinehardt,* 216 N.C. 380, 5 S.E. 2d 138; *Furst v. Merritt,* 190 N.C. 397, 130 S.E. 40.

2. That, if the defendant Simmons executed the conditional sale contract to Weeks Motors, Inc., he received nothing therefor and it was therefore without consideration; that in the event

of a recovery against him by the plaintiff, he should have judgment over against Weeks Motors, Inc., for the full amount of the recovery.

3. That the plaintiff Finance Company and Weeks Motors, Inc., conspired and, by common plan and design between them, charged and have attempted to collect from Simmons interest in excess of the rate allowed by law, the excessive charges be-. ing "$263.00 upon one occasion and $300.00 upon another occasion." Here Simmons alleges, or attempts to allege, one or more cause of action in usury for "charging a greater rate of interest than six per centum," for which he demands forfeiture of all interest. G.S. 24-2. The allegations that the usurious interest charges were made by common plan and design of the plaintiff and Weeks Motors, Inc., make the usury count good against both of these parties. Aside from this, however, the rule is that a note tainted with usury retains the taint in the hands of a subsequent holder. *Faison v. Grandy,* 126 N.C. 827, 36 S.E. 276; *Ward v. Sugg,* 113 N.C. 489, 18 S.E. 717.

4. That as a result of the foregoing conspiracy and common plan and design of the plaintiff and Weeks Motors, Inc., to charge Simmons interest at usurious rates, he (Simmons) "has been embarrassed, harassed, and otherwise mentally disturbed; and has been caused to lose his automobile, . . . all to his great damage in the amount of $5,000.00." And, further, that the conspiracy was perpetrated with malice on the part of both corporations, thus entitling Simmons to punitive damages in the sum of $5,000. Here it appears the defendant Simmons attempts to superadd to his usury counts claims for damages in excess of the penalties fixed by statute. This he may not do. "Penalties for the exaction of usury exist only as provided by statute, and must be enforced in accordance with the terms of the statute." *Smith v. Building & Loan Assn.,* 119 N.C. 249, 26 S.E. 41. See also 91 C.J.S., Usury, Sec. 153, p. 757; 55 Am. Jur., Usury, Sec. 114, p. 403. Nor may this count be treated as an independent cause of action based on conspiracy, separate and apart from the count based on statutory usury. This is so for the reason that the allegations, apart from those relating to the statutory penalty for usury, are mere conclusions of the pleader, to be disregarded on demurrer. *Thomas & Howard Co. v. Ins. Co.,* 241 N.C. 109, 84 S.E. 2d 337; *Griggs v. Griggs,* 213 N.C. 624, 197 S.E. 165. See also *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193.

Here, then, it appears that Simmons by further answer has set up, or attempted to set up, several different pleas operating by way of recoupment, setoff, or cross-demand. A counterclaim, within the meaning of the statute (G.S. 1-137), includes all

these pleas. In *Etheridge v. Wescott*, 244 N.C. 637, 644, 94 S.E. 2d 846, 851, it is said, quoting from an earlier decision: " 'Subject to the limitations expressed in this statute, a counterclaim includes well-nigh every kind of cross-demand existing in favor of the defendant against the plaintiff in the same right, whether said demand be of a legal or an equitable nature. It is said to be broader in meaning than set-off, recoupment, or cross-action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill would have secured to him in the same state of facts.' " The plaintiff's demurrer *ore tenus*, submitted in writing as required by the Rules, challenges the counterclaim for failure to state a cause of action on the ground that the cause of action declared on arose "out of the taking of the defendant Wash Simmons Lincoln automobile by claim and delivery proceedings" and that "this action and the . . . taking and the damages alleged . . . did not accrue prior to the institution of the present action." It thus appears that the demurrer, though general in form and addressed to the counterclaim as a whole, assigns a ground which limits the challenge to the counts summarized in numbered paragraph four above, wherein Simmons seeks to recover (1) compensatory damages of $5,000 as penalties for usury and as damages for the seizure of his car, and (2) punitive damages of $5,000. For reasons previously stated, these counts allege no cause of action or defense. Decision as to the demurrer *ore tenus* is controlled by the rule stated in *Griffin v. Baker*, 192 N.C. 297, 298, 134 S.E. 651, as follows: "The rule is well established that where a general demurrer is filed to a petition as a whole, if any count of the pleading is good and states a cause of action, a demurrer should be overruled, and the same rule governs as to demurrers to defenses." For further explanation of the rule that a plea will not be overruled by general demurrer if it is good in any respect or to any extent, see *Perry v. Doub*, 238 N.C. 233, 77 S.E. 2d 711, and *Bryant v. Ice Co.*, 233 N.C. 266, 63 S.E. 2d 547.

Since the counterclaim contains unchallenged counts which are good, the demurrer must be overruled. It is so ordered, without prejudice to the plaintiff's right to challenge the imperfect counts in the counterclaim by motion to strike in the County Court. It would serve no useful purpose for us to discuss the question whether Simmons' imperfect count respecting claim for damages, compensatory and punitive, for seizure of the automobile is also defective because the cause of action attempted to be stated did not accrue before the present action was instituted. It is unnecessary for an appellate court, after having determined the merits of a case, to examine questions

not affecting decision reached. *Todd v. White,* 246 N.C. 59, 97
S.E. 2d 439; *Painter v. Finance Co.,* 245 N.C. 576, 96 S.E. 2d
731. See, however, McIntosh, North Carolina Practice and Procedure, Second Edition, Sec. 1242; 16 North Carolina Digest,
Set-off and Counterclaim, Sec. 24.

The judgment is vacated. The cause will be remanded for
proceedings in accordance with this opinion.

Error and remanded.