**Kathryn S. WRIGHT, Appellant,**

v.

**PILOT LIFE INSURANCE COMPANY, Inc., Appellee.**

**No. 11056.**

United States Court of Appeals
Fourth Circuit.

Argued March 8, 1967.

Decided May 30, 1967.

F. Rodney Fitzpatrick, Roanoke, Va. (Ernest W. Ballou, Roanoke, Va., and Dale W. LaRue, Galax, Va., on brief), for appellant.

Philip M. Sadler, Pulaski, Va. (Gilmer, Sadler, Ingram, Thomas & Sutherland, Pulaski, Va., on brief), for appellee.

Before WINTER and CRAVEN, Circuit Judges, and HARVEY, District Judge.

CRAVEN, Circuit Judge:

This is a suit by the widow of Clinton Wright to recover money due under a contract or "binder" of life insurance allegedly in effect at his death. The district judge, after holding a pre-trial conference, but without there having been a trial, entered an order dismissing the plaintiff Kathryn S. Wright's claim with prejudice. Subsequently, the court reopened the case and granted leave to Mrs. Wright to "proceed to take * * * further evidence." Her motion (pointing out there had been no trial) to present

such evidence to a jury was overruled.[1] Thereafter, the court reinstated its former judgment, filing a written opinion and judgment again dismissing the plaintiff's case with prejudice.

Since the district court considered the depositions of both plaintiff and defendant, referring to them as having been "introduced into evidence", and since the judgment and opinion contained what appear to be detailed "findings of fact," we think it probable that the district judge was proceeding under the misapprehension that trial by jury had been waived and that the parties had agreed that he was to determine the case on the merits by reference to the conflicting depositions and affidavits. Yet, we are unable to find in the record any such waiver or agreement.[2]

It seems unlikely that the district judge was treating the case as one for summary judgment because (1) he does not characterize the facts he recites as being undisputed, and (2) the defendant insurance company never made a motion for summary judgment, nor for that matter, any other motion.[3]

Aside from procedural perplexity, it is plain from an examination of the district court opinion [4] that the court thought that Mrs. Wright could not recover—on any possible hypothesis. We express our contrary viewpoint for his guidance on remand.

The principal question purportedly adjudicated below is whether or not a "conditional receipt" issued upon payment of the initial premium for a life insurance policy may result in temporary policy coverage. We think this cannot be determined without there first being had a jury determination of the material facts. There is at least one genuine issue: whether the deceased truck driver Wright was medically "insurable" at the time of application.

It is uncontroverted that Pilot Life Insurance agent Walter Turner sold truck driver Clinton Wright on a plan of life insurance under which Wright's employer would make monthly salary deductions to pay the premiums due the Company. Wright signed an application for insurance with Pilot, *paid* his first monthly premium, and was issued a "Conditional Receipt" which was detached from the application and signed by Turner. The application was for life insurance in the amount of $10,000.00 with a provision for double indemnity in the event of accidental death.

The "Conditional Receipt" provided on its face that Pilot had received from Wright $23.80 "as settlement" for the first monthly premium on the policy. It recited that if the application were "declined by the Company, no policy of insurance will be issued * * *. If the application is approved, without restrictions, as applied for, the insurance will be in effect *from the date of this application* in accordance with its terms and conditions * * *." (Emphasis added.)

The reverse side of the "Conditional Receipt" is to be completed by those who, unlike Wright, do *not* make settlement for the initial premium with their application. It informs the applicant, who may subscribe to the statement, that "[a]lthough the agent has explained to me how I may make settlement under this application, *thereby placing it im-*

---

1. This case was removed by defendant Pilot Life from the jurisdiction of the state court. Counsel stipulate that litigants in the state courts of Virginia are entitled to trial by jury without any necessity of expressly demanding it. Thus, the right was not dependent upon demand in the federal court. Fed.R.Civ.P. 81(c).

2. Counsel for Pilot Life in the hearing before us points to no such agreement or waiver—oral or written. Counsel for Wright insists there was none. Certainly there was no stipulation complying with Fed.R.Civ.P. 39.

3. Defendant's Answer, of course, contained a prayer for relief that the action be dismissed at the cost of plaintiff.

4. See Wright v. Pilot Life Ins. Co., 254 F.Supp. 1018 (W.D.Va.1966).

*mediately in full force and effect* \* \* \* provided I am insurable, it is not my desire to take advantage of this opportunity." (Emphasis added.) The front of the application itself includes a printed statement, subscribed in the appropriate place by Wright, which includes, *inter alia*, "I understand and agree \* \* · \* that *unless* I shall have made settlement for the first premium at the time this application is signed and have conditional receipt in my possession, there shall not be any contract of insurance until the policy shall have been issued and delivered to me and the first premium paid thereon \* \* \*." (Emphasis added.)

Within the period covered by the first monthly premium, Wright was killed in a tractor trailer accident in Fairfield, Connecticut. At the time of his death, Wright's application for insurance had neither been approved nor declined by Pilot. The plaintiff in this action, Wright's widow and beneficiary under the policy, contends that Wright was insured on the day of his death.

What is the effect of the delivery of the conditional receipt to Wright upon payment of his initial premium? There is a substantial difference of opinion among the various jurisdictions. See generally, e. g., Annot., 2 A.L.R.2d 943 (1948); Life Insurance Receipts: The Mystery of the Non-Binding Binder, 63 Yale L.J. 523 (1954).

On the assumption that North Carolina law applies, two leading North Carolina cases are argued to us by counsel for *both* parties on this appeal, Cheek v. Pilot Life Ins. Co., 215 N.C. 36, 1 S.E.2d 115 (1939), and Gardner v. North State Mut. Life Ins. Co., 163 N.C. 367, 79 S.E. 806, 48 L.R.A.,N.S., 714 (1913). In *Gardner* the North Carolina Supreme Court quoted with approval a leading insurance text to the effect that a conditional receipt is a " 'preliminary contract of insurance, intended to give temporary protection pending investigation of the risk by the insurer.' " 163 N.C. at 371, 79 S.E. at 808. The receipt "protects the applicant for insurance against the contingency of sickness intervening its date and the delivery of the policy, *if the application is accepted.*" Id. (Emphasis added.) The court specifically did *not* decide whether the company may avoid liability by "unreasonably" refusing approval in the event of intervening illness or death. Id.

In Cheek v. Pilot Ins. Co., the insurance agent. solicited the father of an infant on the day of his birth. A policy application was completed and sent to the home office, and the initial premium was paid. A "binding" receipt issued by the agent was conditioned upon approval by the home office, and provided that "if the person proposed for insurance is, on the date of this receipt, alive and in good health, the person proposed is insured from the date of the receipt \* \* \*." Upon reviewing the application, the company requested its agent to determine the actual weight of the infant, but the infant died before the agent's investigation could be completed or policy issued. The court noted that the potential insured was not *in fact* insurable since his weight was "under the minimum considered by the company necessary to make an infant insurable." 215 N.C. at 38, 1 S.E.2d at 116. Therefore, there was, in the court's terms, no "arbitrary or unreasonable" rejection or withholding of approval. The North Carolina Supreme Court, as it had done in Gardner v. North State Mut. Life Ins. Co., expressly did "not decide that where a binding slip has been delivered to the applicant the company, in the event of the death or illness of the applicant occurring subsequently, but before acceptance of the application, may arbitrarily or unreasonably reject or withhold its approval \* \* \* and thereby avoid its liability, under the clause in the binding slip requiring the approval of the home office." 215 N.C. at 38, 1 S.E.2d at 116.

Plainly these decisions are not sufficiently in point to be controlling. But what is said strongly suggests that before an insurance company may decline to issue a policy (having accepted a pre-

mium), it must have a good reason for doing so—other than a wish to avoid payment. Otherwise, "the binding receipt is misleading * * *," as the North Carolina Supreme Court said some twenty-eight years ago in sharp criticism of the same insurance company. See Cheek v. Pilot Life Ins. Co., 215 N.C. 36, 1 S.E.2d 115, 116–117 (1939).

The very most that can be said in Pilot's favor in respect to the wording of the receipt is that it is ambiguous. The back side of the receipt which was given Wright informed him that the agent has explained how he may make settlement under the application, "thereby placing it immediately in full force and effect * * * provided I am insurable * * *." Wright made immediate settlement and was reasonably entitled to assume that he was covered —if he was "insurable" by Pilot's health standards.

■ Ambiguities in contracts of insurance are to be construed against the company. This is the well settled rule in North Carolina as elsewhere. E. g., Allstate Ins. Co. v. Shelby Mut. Ins. Co., 269 N.C. 341, 345, 152 S.E.2d 436, 440 (1967); Williams v. Nationwide Mut. Ins. Co., 269 N.C. 235, 237, 152 S.E.2d 102, 105 (1967).

The district court apparently believed completion of a medical examination an "absolute condition precedent to the completion of the application [by Wright]." See Wright v. Pilot Life Ins. Co., 254 F. Supp. 1018, at 1020 (W.D.Va.1966). We think not. In Prudential Ins. Co. v. Lamme, No. 5185, 425 P.2d 346 (Nev. Sup.Ct. March 31, 1967), the Nevada Supreme Court persuasively rejected the contention that a physical examination was a condition precedent to coverage. In doing so, it said:

"[A]n insurance policy is not an ordinary contract. It is a complex instrument, unilaterally prepared, and seldom understood by the assured. The same is equally true of the condi-

tional receipt. The parties are not similarly situated. The company and its representatives are expert in the field; the applicant is not. A court should not be unaware of this reality and subordinate its significance to strict legal doctrine. * * * Nor should a court be obliged to overlook the obvious advantage to the company in obtaining payment of the premium when the application is made. It is a device to avoid the possibility that the applicant will change his mind and revoke his application, or deal with a rival company. * * * A conditional receipt tends to encourage deception. We do not mean to imply affirmative misconduct by the soliciting insurance agent. We suggest only that if nothing is said about the complicated and legalistic phrasing of the receipt, and the agent accepts an application for insurance together with the first premium payment, the applicant has reason to believe that he is insured. Otherwise he is deceived." Prudential Ins. Co. v. Lamme, No. 5185, 425 P. 2d 346 (Nev.Sup.Ct. March 31, 1967) (citations omitted); see also Allen v. Metropolitan Life Ins. Co., 44 N.J. 294, 299–307, 208 A.2d 638, 641–645 (1965).

■ In another recent decision, Terrell v. Life Ins. Co., 269 N.C. 259, 152 S. E.2d 196 (1967), the North Carolina Supreme Court approved the submission to the jury of the issue of "insurability," i. e., health condition, under the standards of the insurance company, where the policy under which recovery was sought required that the insured be "insurable according to company rules and standards for such policy." We think the plaintiff here is entitled to no less. On remand, the parties will be accorded trial by jury of any genuine issues of fact that may arise—and specifically, the issue of insurability of Clinton Wright on the date of the issuance of the conditional receipt.

Reversed and remanded for a new trial.